WALTER H. HINKLEY, as Executor, etc., Respondent, *v.* JACOB CROUSE, Impleaded, etc., Appellant.

*Court of Appeals, Feb. 3, 1891.*

Aff'g 52 Hun, 613, Mem.

*Ejectment, Estoppel.*—An owner cannot be deprived of his land by his mere acquiescence in the possession of another for less than twenty years, under claim of title, where the latter has not been misled or done anything in reliance upon such silence.

Appeal from an order of the general term of the supreme court, affirming a judgment entered upon a verdict directed by the court.

*M. M. Waters*, for appellants.

*Stone, Gannon & Petit*, for respondent.

EARL, J.—This is an action of ejectment to recover the possession of a strip of land one and one-half feet wide by thirty feet long, situate in the city of Syracuse. The parties own adjoining lots, and the controversy is over a boundary line. The disputed strip of land was covered by the description contained in the deeds held by both parties, but it is undisputed that the older and better title was in the plaintiffs who commenced this action, and that their title was good unless the defendants could stand upon some one of the defenses which will now be very briefly noticed.

Down to 1876 the plaintiffs were in possession of this disputed strip, and in that year the defendant Crouse took possession of it, and placed upon it the wall of a building which he then erected. He did this relying upon his deed and claiming that he had a right to do it. The plaintiffs at that time claimed the strip and disputed the right of Crouse to

enter thereon. As Crouse has been in possession of this land for less than twenty years, he cannot claim to hold it against the plaintiffs unless they, in some way, became estopped from asserting their title. They made no agreement with Crouse fixing the line, and they never assented to his taking possession of the land, and there was, therefore, no practical location of the line. Baldwin v. Brown, 16 N. Y. 359; Reed v. Farr, 35 Id. 113; Reed v. McCourt, 41 Id. 435; Duffy v. Masterson, 44 Id. 557; Britannia Co. v. Hoyt, 51 Id., 656.

They did nothing and said nothing which induced Crouse to take possession of the land, or upon which he had a right to rely in taking possession thereof. He did not act upon anything they said or did, or omitted to say or do. He claimed the right under his deed to take possession of the land, and took possession relying upon it, and there is nothing whatever in the case to estop the plaintiffs from asserting their title. After they had disputed the right of Crouse to this land, and they had asserted their title, he persisted in his claim and took possession thereof and erected the wall of his building thereon. Then misled by his assertion of title and by some advice they had obtained in reference thereto, they made no further protest or objection to the occupancy by Crouse for more than ten years, until about the time of the commencement of this action in 1887. During all that time they apparently acquiesced in the claim of Crouse. But they did not mislead him, and he did nothing in reliance upon their silence, and they cannot be deprived of their land by their mere acquiescence in the possession of Crouse for less than twenty years.

There was no disputed facts or inferences, and there was, therefore, nothing for submission to the jury, and the learned trial judge did not err in directing a verdict for the plaintiff.

The judgment should be affirmed, with costs.

All concur.