## ROCK v. DOERR.

*(Supreme Court, General Term, Fifth Department.   June, 1891.)*

ADVERSE POSSESSION—ACQUIESCENCE IN OCCUPANCY.

> In 1851, plaintiff purchased a lot from G., 33 feet wide, to be cut off from the northeast corner of vendor's premises, which was done, the vendor laying out the front line of the lot by locating a post at the west end thereof 33 feet 6 inches, instead of 33 feet, from the north-east corner. Plaintiff's deed described the lot as being 33 feet wide, front and rear. Plaintiff remained in possession of the strip thus caused from 1851 up to 1882, when defendant, claiming the same under a deed from G. conveying to him the lot lying next to such strip, removed plaintiff's fence, and took possession of the strip. *Held* that, G. and those claiming under him having acquiesced in plaintiff's occupancy of the strip for a period of more than 30 years, plaintiff's possession for that length of time had ripened into a perfect title.

Appeal from judgment on report of referee.

Action by James Rock against John Doerr. From a judgment for plaintiff, defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER, J.

*P. P. Dickinson*, for appellant.   *Q. Van Voorhis*, for respondent.

DWIGHT, P. J.   The action was ejectment for a gore of land 6 inches wide in front and running to a point at the distance of about 30 feet to the rear, on the division line of lots of the plaintiff and the defendant. In 1851, Martin Galusha was the owner of lot No. 13 in the north-east corner of what was known as the "Shamrock Tract," in the city of Rochester. In that year he sold a building lot off the east end of lot 13 to the plaintiff. That lot was described in the deed as bounded on the east by the east line of the Shamrock tract, on the south by lot 15, on the north by Hand street, and on the west by a line parallel with the first line, and as being 33 feet wide, front and rear. The lot was sold under an agreement of Galusha to build a house on it for the plaintiff. The house was built, and before possession was delivered to the plaintiff Galusha staked out the west line, dividing the plaintiff's lot from his own land, and caused a fence to be built on it, and also on the front on Hand street, for which the plaintiff paid, under his agreement with Galusha. The front and side fences met in a corner marked by a square post, into which the rails for pickets were set. In 1865, Galusha sold a lot next west of the plaintiff's to one Schmidt by a deed which described the land as bounded on the east by land conveyed to the plaintiff. The defendant took his title to the last-mentioned lot, by mesne conveyances, in 1872. In 1869, Schmidt be-

ing in possession of the last-mentioned property, and having always acquiesced in the location of the line between the two lots, the plaintiff took down the division fence built by Galusha, back as far as the rear end of his house, which stood within about 18 inches of the line, leaving the corner post and the front fence standing where it was set by Galusha. So the fences and the possession remained until 1882, when the defendant sawed off 6 inches of the plaintiff's front fence, took up his corner post, and set another post 6 inches further to the east, and extended his own tight board fence in front of his lot up to the new post, by this means intending to assert his title to the gore in question, and to assume possession thereof. This he did upon ascertaining that, as he says, and as the evidence tends to show, the plaintiff's lot as fenced was 33 feet and 6 inches wide in front, whereas his deed described it as 33 feet in width.

The case is plainly one of the practical location of a boundary line agreed to and established by the plaintiff's grantor, who at the time was the owner of the entire tract, and acquiesced in by his grantees of the premises subsequently conveyed, on the other side of the line, for a period of more than 30 years. This establishes title up to such line, in the first grantee, by evidence of the most conclusive character, and overrides the evidence, contained in the deed, of the supposed measurement of the lot intended to be conveyed. *Baldwin* v. *Brown,* 16 N. Y. 359; *Reed* v. *Farr,* 35 N. Y. 113; *Eldridge* v. *Kenning,* 12 N. Y. Supp. 693, and the cases cited. We have examined the exceptions taken on the trial, and find none which vitiate the judgment. The judgment appealed from should be affirmed.