McAdam, J.
The source of title, the lis pendens in the foreclosure suit, filed January 17, 1872, the decree and sale thereunder, and the mesne conveyances, vested the plaintiff with the fee of the property, commencing at a point 595 feet west of Third avenue and extending westerly therefrom a distance of twenty-five feet, which includes the disputed strip.
In ejectment, if the title of a party from whom the plaintiff’s title is deduced be admitted or established, it is not necessary to prove actual possession in himself or in any of the intermediate grantees from whom he derives title; possession will be presumed to follow; and the burden of showing that the plaintiff was not in possession, if the defendant so claims, is upon the latter (Stevens v. Houser, 39 N. Y. 302 ; Dunham v. Townshend, 118 Id. 281, 287 ; Clason v. Baldwin, 13 N. Y. Supp. 681). In the absence of adverse occupation being shown, possession follows the legal title (Wood v. Squires, 1 Hun, 481). Section 368 of the Code provides that “in an action to recover real property, or the possession thereof, the person who establishes a legal title to the premises is presumed to have been possessed thereof within the time .required by law; and the occupation of the premises by another person is deemed to have been under and in subordination of the legal title, unless the premises have been held and possessed adversely to the legal title, for twenty years before the commencement of the action.”
Possession is always presumed to be in subordination to the true title, and one who claims to have acquired title by adverse possession must show that he or his predecessors in. interest held the land in hostility to the true owner claiming the title thereto (Doherty v. Matsell, 119 N. Y. 646) ; and where, in an action of ejectment, the plaintiff establishes title by proper and sufficient conveyance and possession prior to the entry by defendant, and that entry is not attempted to be justified by any claim of right, the burden of establishing a better title than *137 plaintiff’s is cast on the defendant (Dunham v. Townshend, supra). The defendants cite several cases to the effect that in a matter of disputed boundaries such as arises here, a practical location of the boundary between different owners of adjoining property long acquiesced in will be presumed by the court to be the true line and will not be changed (Pierson v. Mosher, 30 Barb. 81; Sherman v. Kane, 86 N. Y. 57 ; Swettenham v. Leary, 18 Hun, 284 ; Ratcliffe v. Gray, 3 Keyes, 510). In all of the cases cited the line had been acquiesced in for over twenty years, and the principle could not be well applied except in such a case without impairing the statute of limitations. It has been said that this doctrine of practical location differs from title by prescription under the statute only in the mode of statement and not in the principle involved (Hinkley v. Crouse, 125 N. Y. 730; Corning v. Troy, I. & N. F., 44. Id. 577, 595 ; Eldridge v. Kenning, 12 N. Y. Supp. 693). There was no such location of the boundary or acquiescence as estops the plaintiff from asserting her title.
The deed to the plaintiff is not affected by the statute (1 R. S. 739, § 147), which provides that “ Every grant of .lands shall be absolutely void if, at the time of the delivery thereof, such lands shall be in the actual possession of a person claiming under a title adverse to that of the grantor,” for it does not apply to a deed conveying a par-eel of land, the greater part of which is in the grantor’s possession, but where, by reason of a disputed boundary line, a small part of it is not in his actual possession at the time of the delivery of the deed (Danziger v. Boyd, 120 N. Y. 628 ; Allen v. Welch, 18 Hun, 226). To render a deed void under this section, it must appear that at the time of its delivery the premises were in the actual possession of some one claiming adversely; a constructive possession isnot enough (Dawley v. Brown, 79 N. Y. 390). The possession under this statute' differs from the possession .required by the statute of limitations. Under the latter *138 statute it is enough if the person is in possession under a general claim of title; the words of the statute being “ under a claim of title but under the statute before cited the possession must be actual, and under some specific. deed covering the strip in question, the language being “ claiming under a title.” It is not enough if he is in possession under a deed conveying the greater portion of the premises ; the deed must purport to cover the whole of the premises (Crary v. Goodman, 22 N. Y. 170; De Silva v. Flynn, 9 Civ. Pro. R. 426 ; Dawley v. Brown, supra). The defendant pleads that he and his predecessors in title have had continuous adverse possession of the strip of land claimed for more than twenty years. The action was begun in September, 1890, so that to enable the defendants to maintain this defense such adverse possession must have commenced before September, 1870, and on the evidence adduced in support of the plea it could not have commenced until January 18, 1872, so that it is idle to devote serious attention to this feature of the defense.
It follows that the plaintiff is entitled to judgment for possession of the property claimed, with nominal damages, which in this instance sufficiently comprehend “ the rents and profits ” recoverable under section 1497 of the Code.