(54 App. Div. 83.)

### WHAN et al. v. STEINGOTTER.

(Supreme Court, Appellate Division, Second Department. October 5, 1900.)

BOUNDARIES—PRACTICAL LOCATION OF LOT.

> Where a lot was conveyed by a deed conveying a frontage of 40 feet, and houses of 20 feet frontage were built thereon, and a house and lot described as 20 feet in width was sold and conveyed to plaintiff, who entered into possession, there was a practical location of the property conveyed, which established the boundaries of the lot, although the boundaries had not been established 20 years; and the plaintiff could not recover a strip of land 2 inches wide adjacent thereto, of which he did not have visible possession, by showing a mistake in the standard of measurements by which his lot was located.

Appeal from trial term, Kings county.

Ejectment by Sarah Whan and another against Phillip Steingotter. From a judgment in favor of the defendant, the plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John T. Canavan, for appellants.
Robert H. Roy, for respondent.

GOODRICH, P. J. The action is in ejectment for a strip of land 2 inches wide and 100 feet in depth, lying on the northwesterly side

of Putnam avenue, between Bushwick avenue and Broadway, in the borough of Brooklyn. The block in question was a part of the old Suydam farm, upon the partition of which the block was conveyed to Abraham Suydam, in 1880. The description in this partition deed stated the length of the block to be 550 feet. The actual length, according to the legal standard of measurement, was 550 feet 5¾ inches. In 1887, Suydam conveyed to Brower a portion of the premises, extending from Bushwick avenue 450 feet southwesterly along Putnam avenue. In 1888 Brower conveyed to Walker premises 40 by 100 feet on the northwesterly side of Putnam avenue, beginning 130 feet southwesterly from Bushwick avenue, upon which Walker erected two houses, each 20 feet in width. In 1889 Walker conveyed to the plaintiff William Whan the northerly lot, described as beginning 130 feet southwesterly from the corner of Putnam and Bushwick avenues, and 20 feet in width; and Whan subsequently conveyed an undivided half interest to the plaintiff Sarah. In 1893, Brower, formerly the owner of the 450 feet on Putnam avenue, conveyed to the defendant an irregular plot at the corner of Bushwick and Putnam avenues, the easterly line of which ran along Putnam avenue a distance of 130 feet from the corner, and thence northwesterly 100 feet, parallel to Bushwick avenue. The northeasterly line of the plaintiffs' house as erected is in fact 130 feet 2 inches southwest of Bushwick avenue, while the defendant has title, according to the description in his deed, to 130 feet. The intermediate two-inch strip is the subject of this litigation. The court held that the plaintiffs had no cause of action, and dismissed the complaint. From the judgment entered thereon the plaintiffs appeal.

After the defendant obtained his conveyance, he commenced to erect upon the premises a brick building, using as the southwesterly boundary a line 130 feet 2 inches from the corner. Immediately upon the commencement of the work a dispute arose between the parties as to ownership of the strip, the plaintiffs claiming to own the two-inch strip north of their northerly wall over some part of which some of their clapboards and other parts of their northerly wall extended. The defendant claimed that, although his deed conveyed a lot 130 feet along Putnam avenue, he took under it 130 feet and 2 inches. If this were a controversy between the defendant's grantor and the defendant, such a contention would have weight, but the rights of the plaintiffs and the defendant must stand upon a different plane. When the plaintiff William took his deed, the house was already constructed, and was 20 feet wide. There had been a practical location of the 20 feet which the deed purported to convey. The plaintiffs, having accepted and being possessed of a house and lot 20 feet in width, suffer no injustice by the decision of the trial term. It is true that the mere existence of a boundary line must continue 20 years before such existence alone will make out a practical location in law, and that a mere acquiescence by the owner of land in the possession of another for less than 20 years under claim of title does not deprive the owner of his land, or estop him from asserting his title. Hinkley v. Crouse, 125 N. Y. 730, 26 N. E. 452, and cases cited.

But that does not affect the case at bar. The possession of the plaintiffs was of the house and lot as erected, and there is nothing in such possession which covers the two-inch strip in question, of which there was no visible occupation. It is, perhaps, wise to add, as matter of explanation, that the difficulty arises from the fact stated on the trial by the plaintiffs' counsel, and not disputed by the defendant's counsel, that there was some difference between the standard of measurement used at the time of the partition deed to Suydam and that in use at the time of the plaintiffs' and defendant's deeds, the variation being about 1 inch in 100 feet, in excess of the present standard. It was also stated that buildings have been erected on the entire block, from Bushwick avenue to Broadway. All of these houses have permanent locations, and each owner has the number of lineal feet required in his deed. A judgment for the plaintiffs might give rise to litigation as to the titles of these various lots, and we should hesitate to come to any conclusion having that effect, unless justice requires us to do so. We can discover no such necessity. Certainly the plaintiffs have their 20 feet, and suffer no injustice. The judgment must be affirmed.

Judgment affirmed, with costs. All concur.