CHARLES U. WING, Respondent, *v.* BERNARDO DE LA RIONDA et al., Appellants.

While a defendant, in an ejectment suit, may prove as against the plaintiff an equitable defense to the legal title, where the plaintiff has proved a legal title in himself and the defendant shows merely an equity in favor of a third person, with which he does not in any manner connect himself so that he could enforce it, he fails to establish a defense and the superior title must prevail.

In an action of ejectment, plaintiff claimed title to the premises, which were situated in the city of Brooklyn, under a foreclosure sale. The judgment of foreclosure, rendered in 1852, directed a sale of the premises by a referee at a place named in the city of New York. In 1867, said judgment not having been executed and the referee having died, on motion on behalf of J., the plaintiff therein, made by W., who acted under power of attorney executed by J., an order was granted appointing another referee and directing a sale in the city of Brooklyn. The motion papers were served upon the attorneys who appeared in said suit for S., the mortgagor, she being the only defendant who appeared therein, and they admitted due service. Defendants here claimed that prior to the order amending said judgment, J., who was in possession of the mortgaged premises, contracted to sell the same to B., who entered into possession and expended moneys thereon, and that the orders and sale under the amended judgment were void, because of failure to give B., or his representatives, notice. *Held*, untenable; that the regularity of the sale was in no manner affected by the failure to give J. or B. notice; that whatever equity might attach to the possession of B. because of failure to give him notice, it did not affect the validity of the proceedings, and so did not prevent the purchaser at the foreclosure sale from obtaining the legal title; that by permitting B. to take possession, J. conveyed to him no greater legal right to a notice than he himself had.

Defendant in no manner connected himself with or showed that he had succeeded to any rights of B. *Held*, that they were not available as a defense.

Upon a former trial, an extra allowance was granted on plaintiff's application which was included in a judgment in his favor, affirmed by this court. Defendant took a new trial under the Code of Civil Procedure (§ 1525) and paid all the costs incurred up to that time, including the extra allowance. On the second trial, a verdict was directed in favor of plaintiff and an extra allowance again granted. Defendant claimed that having paid one extra allowance, the court had no power to award another. *Held*, untenable; that taking a new trial was in effect bringing a new action, and the payment of the costs, including the extra

allowance, did not prevent the granting of another extra allowance on the second trial.

*Jackson ex dem.* v. *Minkler* (10 Johns. 480), distinguished.

(Argued February 9, 1892; decided March 1, 1892.)

Appeal from judgment of the General Term of the City Court of Brooklyn, entered upon an order made July 6, 1891, which affirmed a judgment in favor of plaintiff entered upon a verdict directed by the court, and affirmed an order granting an extra allowance.

This was an action of ejectment against Bernardo De La Rionda and his tenants, who claimed title and the right of possession of the premises in dispute, adverse to plaintiff under one Blanco.

In 1836 one Minnie Suydam executed a mortgage upon said premises in the city of Brooklyn as part payment of the purchase-price thereof. Said mortgage was virtually transferred to one Stephen C. Jackson. On May 11, 1852, in an action brought by him to foreclose the same a judgment of foreclosure was recovered, a sale of the premises ordered at the Merchants' Exchange in New York city and a referee appointed to sell. Said judgment not having been executed in July, 1867, an order was made, on motion on behalf of the plaintiff in said foreclosure suit, appointing another referee in place of the former, who had died, to execute and carry into effect the judgment. This was modified by providing that the sale should take place in the city of Brooklyn. The only defendant who had appeared in the foreclosure suit was Suydam.

The papers upon which said order was granted were duly served upon his attorney, who admitted due service. On November 11, 1869, the premises were sold and bid in by one Luman B. Wing. For reasons of convenience completion by the purchaser was deferred until October 6, 1875, when an order was made, on his application, relieving him from his purchase and directing that the ten per cent of the purchase-money paid by him should be returned. There was no evidence that said ten per cent was ever returned. Prior to February

24, 1886, the plaintiff herein became the assignee of Luman B. Wing's interest, and on that day upon affidavits stating the situation of the cause the court made an order vacating its order of October 6, 1875, and directing the referee to complete the sale on said Luman B. Wing's bid by executing a deed to plaintiff, and on March 15, 1886, said deed was executed. In this action the defendants set up as a defense that on March 11, 1872, Stephen C. Jackson, who owned the judgment of foreclosure and was in possession of the mortgaged premises, addressed a communication to Blanco, in which he stated that Blanco having, on account of irregularities in title, declined to complete the purchase made by him at a foreclosure sale stated to have been made May 28, 1868, that he had remedied some of the defects complained of, and if Blanco would pay certain assessments and taxes and pay him the balance of his bid, he should receive a deed from the referee with a quit-claim deed from the plaintiff in the foreclosure suit; that Blanco acquired from said Jackson an interest in said premises under which he entered into possession and expended money upon the premises; that the defendant Rionda succeeded to Blanco's rights and possession, and that the order of 1886, which vacated the order of 1875 and permitted the assignee of the purchaser on the foreclosure sale to complete his purchase, was invalid because made without notice to Rionda.

Upon the trial plaintiff introduced in evidence an instrument dated October 8, 1869, which recited that in consideration of services and risks of expenditures already made and to be made by Luman B. Wing, plaintiff's assignee in the redemption and releasing from encumbrances of the real estate in the city of Brooklyn of Stephen C. Jackson, the latter made said Wing his attorney to sue for and recover from any party holding by or under any conveyance whatever, and to estop all actions and to settle, compromise or otherwise arrange for any settlement that he may deem for the joint interest of both. The avails of all collections and recoveries to be divided between the parties. Acting under this instrument Wing

caused the motion to be made in the foreclosure suit and the sale to be made under the amended judgment.

There was no evidence upon the trial that Rionda was in any way connected with or succeeded to any rights which may have been possessed by Blanco. The defendant Rionda moved for a dismissal of the complaint. That motion was denied and a verdict was directed for the plaintiff.

An allowance of $700 was given the plaintiff as part of his costs, and by stipulation the defendants are permitted, upon this appeal, to raise the question whether the court had power to grant the allowance, inasmuch as one allowance had already been granted in the action. The former allowance was granted upon the first trial and was included in the costs awarded the plaintiff by the first judgment. That judgment was, however, vacated and set aside upon the statutory condition, performed by the defendants, that they pay the amount of the costs included in that judgment.

*O. J. Wells* for appellants. The granting of a second extra allowance was erroneous. The court has no authority to grant costs, except within the limits prescribed by the statute. (*Downing* v. *Marshall*, 37 N. Y. 386 ; Code Civ. Pro. § 3253 ; *Bank of Mobile* v. *P. Ins. Co.*, 8 Civ. Pro. Rep. 212 ; *Flynn* v. *E. L. Ass. Soc.*, 18 Hun, 212 ; *DeStuckle* v. *T. R. Co.*, 3 Civ. Pro. Rep. 410 ; *McDonald* v. *Mallory*, 14 J. & S. 58 ; *U. T. Co.* v. *Whiton*, 17 Hun, 593, 594 ; 78 N. Y. 491 ; *Andrews* v. *Cross*, 17 Abb. [N. C.] 92 ; *Seymour* v. *Ashenden*, 13 Civ. Pro. Rep. 255 ; *Schmidt* v. *Mackie*, 9 Wkly. Dig. 288.) It was error to direct a verdict for the plaintiff, as the question of fact should have been submitted to the jury. (*Gifford* v. *Corrigan*, 105 N. Y. 226 ; *Lawrence* v. *Farley*, 24 Hun, 293 ; *Wilsey* v. *Dennis*, 44 Barb. 354 ; 1 Devlin on Deeds, § 292 ; *Koehler* v. *Adler*, 78 N. Y. 287 ; *Ormes* v. *Dauchy*, 82 id. 444 ; *Kirty* v. *Peck*, 113 id. 222 ; *Lannay* v. *Wilson*, 30 Md. 536 ; *Stewart* v. *Davis*, 63 Me. 539 ; *Ballard* v. *Vale*, 5 Gray, 468 ; *Whyfe* v. *Reilly*, 15 Wend. 248 ; Jones on Mort. [4th ed.] § 673 ; *Trimm* v. *Marsh*, 54 N. Y.

599 ; *M. A. B. Church* v. *B. Church*, 73 N. Y. 82 ; Story on Agency, § 486.) The court erred in excluding the two affidavits of Stephen C. Jackson, of June 16, 1877, and July 9, 1877, as admissions of said Jackson that he had made the agreement with Blanco, and put him in possession. (*Heyman* v. *Wheeler*, 29 Fed. Rep. 347 ; Whart on Ev. [3d ed.] § 1119.) The court erred in not submitting the question whether Wing and those claiming under Wing were not estopped by his acquiescence in Blanco's dealing with the property as his own. (*Streeter* v. *Shultz*, 45 Hun, 406 ; *Dickinson* v. *Colgrove*, 100 U. S. 578 ; *Kirk* v. *Hamilton*, 102 id. 68.)

*Edward M. Shepard* for respondent. The defendant Rionda in no way succeeded to the imaginary rights granted to Blanco by Jackson's letter of March, 1872. The appellants are not in possession of the property under the supposed equitable rights of Blanco. Neither Rionda nor any of the defendants have ever acquired those rights. (*Cagger* v. *Lansing*, 64 N. Y. 417 ; Sedg. on Tit. § 321.) Where an order or proceeding which is void as to a person not a party to the suit purports to bind him (and the order of 1886 was not unlike an order *in rem.* purporting to bind the whole world, and certainly purporting to bind all persons claiming, as the appellants do, under parties to the suit and since the judgment in the suit), the person has a standing in court to move to set aside the order or proceeding ; and he need not wait until it is sought to be enforced against him. (*Seaman* v. *Whitehead*, 78 N. Y. 306 ; *Kamp* v. *Kamp*, 59 id. 212.) The allowance was rightly granted. (125 N. Y. 678.)

PECKHAM, J. Upon the last appeal in this action* we held there was no finding and no uncontradicted evidence proving that Blanco ever accepted the letter of Jackson to him so far as to make a contract between them, or that he went into possession under the contract so formed. We also said that if the orders in the foreclosure suit were void because Blanco had no notice of application for them, it would seem that a

---

* See *mem.* 125 N. Y. 678.

defense to this action would in that event be made out, even if the defendant did not connect himself with the rights of Blanco. This was upon the theory that the plaintiff, in case the orders in the foreclosure case were entirely void, would in that event fail in showing any legal title in himself because his title was based upon the proceedings in the foreclosure suit, which were themselves largely founded upon those orders. We did not decide or intimate that the orders were void, but on the contrary we held that upon the facts as then developed they were entirely valid.

We did not decide that in case it were proved that Blanco and Jackson did make this contract, and that Blanco obtained possession by reason of it and expended money upon the real estate, that a failure to give Blanco notice of further proceedings in the foreclosure case would render those proceedings void, and, therefore, would show a failure of title in the plaintiff. We said in order to raise those questions there must be a proper finding as to the contract and the possession under it and payment by reason of it, or the facts should appear by uncontradicted evidence. In the absence of both we held the questions did not arise.

The defendant now claims he has proved the writing and acceptance of the letter, possession taken by Blanco by reason of it and the expenditure of money thereafter upon the premises. He says, therefore, that being so in possession Blanco or his representatives were entitled to notice of all further proceedings in the foreclosure action, and that a failure to give such notice was fatal to the existence of any title to the realty covered by the mortgage foreclosed under such a state of facts.

It is unnecessary to recite the other facts in this case as to the rights of Wing under the power of attorney from Jackson to him. We are of the opinion that under that instrument Wing had power to go on with the foreclosure proceedings and sell the property without any further notice to Jackson. The legal title to the realty never was in Jackson and upon the sale by Wing all Jackson could have done was to have

called Wing to account for the moneys (if any) realized by him from the sale.

Certainly the regularity of the sale under the foreclosure decree was in no manner affected by the failure to give notice to Jackson or to Blanco if he were then in possession of the premises by reason of the letter or contract already spoken of. Wing was acting under the authority conferred upon him by Jackson himself, and the court having obtained and retaining jurisdiction over the subject-matter in the foreclosure suit and over the parties thereto, had jurisdiction under these circumstances to proceed with the execution of the decree for the sale of the premises without notice to Jackson or Blanco, if the latter were then in possession. Whatever equity might attach to the possession of Blanco on account of the failure to give him notice of the foreclosure proceedings by reason of which Blanco might have a cause of action against Jackson or Wing for damages or for an accounting, such equity did not affect the validity of the proceedings in the foreclosure suit and consequently did not prevent the purchaser at the foreclosure sale from obtaining the legal title to the premises. Notice of proceedings conducted in his name was not required to be given Jackson, for he by reason of the terms of his appointment of Wing had dispensed with notice of any proceedings which Wing in carrying out that agreement might think proper to take. By permitting Blanco to take possession Jackson conveyed to him no greater legal right to notice of the proceedings in the foreclosure suit than Jackson himself had. They were both subject to the jurisdiction of the court in the foreclosure suit. The rights of Blanco being, therefore, nothing more than equities and not affecting the legal title transferred to the purchaser at the foreclosure sale, it is clear such equities under the old rules governing the case would have constituted even in favor of Blanco no defense to the action of ejectment where the legal title alone prevailed and a court of law gave judgment accordingly. (Adams on Ejectment, p. 44 [4th ed.], 1854; *Jackson ex dem. Potter* v. *Sisson*, 2 John. Cas. 321; *Jackson ex dem. Smith* v. *Pierce*, 2 John. 221.)

In our union of courts and remedies an equitable defense by and in favor of the party defendant may now be proved as against a plaintiff in ejectment, and as a defense to the legal title. But where a plaintiff proves a legal title, and the defendant can show nothing but a mere equity in favor of a third person, such as a simple right to an accounting, or some such remedy, with which equity the defendant does not in any manner connect himself as interested therein, so that he could enforce it, then the superior legal title must prevail. It was formerly held that even a superior outstanding title in a third person, under whom defendant did not claim, must, in order to constitute a defense, be subsisting and available, otherwise merely showing title out of plaintiff was no defense. (*Foster* v. *Joice*, 3 Wash. C. C. R. 498.) There is a learned note to *Robinson* v. *Campbell* (3 Wheat. 212, 224) upon the subject of the availability of a defense of title in a third person not connected with defendant, where plaintiff shows a superior title to defendant. The writer is evidently of the opinion it does not in all cases make a defense. I think there is no doubt of the correctness of the rule which holds that in an action of ejectment proof of some equitable right or title in a third person, with whom the defendant does not connect himself, is no defense to a superior legal title in the plaintiff. (*Den ex dem. Dimon* v. *Dimon*, 5 Hals. [N. J.] 156.) The case of *Cagger* v. *Lansing* (64 N. Y. 417) seems to be decisive of this question, and that case holds no new doctrine. This is not the case of an assignee of a mortgagee, in possession and defending his title against a third party, such as was the case of *Jackson ex dem.* v. *Minkler* (10 John. 480). In that case the mortgagee conveyed by deed to the defendant subsequent to default in the payment of the mortgage, and the defendant asserted his right as against the lessor of the plaintiff, the original mortgagor, while here there is only a taking possession of the premises by an individual under a mere license from the mortgagee, and such licensee sets up his possession against a regular foreclosure of the mortgage, followed by the claim of the right to the immediate possession on the part of the purchaser

at the foreclosure sale, and sustained by the deed of the referee conveying title to him under the mortgage. Opposed to this claim of the purchaser we find as a defendant one who proves no title in himself, but seeks to show equities existing in a third party with whom he in no manner connects himself. This he cannot do.

We have looked through the evidence in the case and find nothing in it which affords the least justification for the claim that defendant is in any way connected with or that he succeeds to any rights which may have been possessed by Blanco. Without deciding what those rights were, we think for the reasons above expressed the learned judge was right in directing a verdict for the plaintiff.

*Second.* There is an appeal from an order granting an extra allowance of costs, which we must consider in connection with this judgment, as the defendant claims there was no warrant of law for granting the allowance. He bases his argument upon the fact that at the end of the first trial of this action the court, upon plaintiff's application, granted an extra allowance, which formed part of the judgment that was finally affirmed by this court. The defendant, upon such affirmance, took a new trial under the statute (Code of Civil Pro. § 1525) and paid all the costs incurred up to that time, including the extra allowance. He now claims that as he has once paid an extra allowance the court had no power to award another, because but one extra allowance can be granted in an action. The cases cited by the defendant show that where an extra allowance has been granted the successful party, and it has been entered and forms a part of the judgment, when such judgment is reversed upon appeal or a new trial is granted, with costs to abide the event, if upon such new trial the same party again succeeds and again obtains an order for an extra allowance, he can tax the last sum granted, but not the first, although the costs of the former trial were directed by the appellate court to abide the event of the second trial. These decisions are based upon the general rule that

but one extra allowance can be taxed in an action. This, we think, is proper as to all cases where a new trial is granted for error of law or fact, and upon condition of payment of costs or where they are to abide the event.

In the action of ejectment, however, we think a different construction is called for where the new trial is taken as of right, and without showing any other ground therefor than the will of the party, to be exercised upon payment of all costs and damages other than for rents and profits, or for use and occupation.

In taking a new trial under such circumstances and by virtue of the statute, the party availing himself of the privilege in effect commences or causes the commencement of a new action. At common law there was no termination to the right of either party to an action of ejectment to commence another, although judgment had gone against him in the preceding actions upon the same title. No plea of former recovery could be pleaded in bar to the action and the judgment therein conferred no title upon the party in whose favor it was rendered. (Adams on Ejectment [4th ed.], 1854, pg. 420.) By our Revised Statutes it was provided that a judgment in ejectment rendered upon a verdict should be conclusive as to the title established in the action upon the party against whom it was rendered and against all who claimed under him by title accruing subsequent to the commencement of the action. (2 R. S. 309, § 36.)

It was, however, further provided that a party who was beaten in the ejectment suit might within three years apply to have the judgment vacated, and upon the payment of costs and damages recovered against him, the court was directed to vacate the judgment and grant a new trial. (Id. § 37.) Sections 1524 and 1525 of the Code are substantially transcripts of the sections of the Revised Statutes just quoted. By these provisions the right of a party to an action of ejectment to as many trials of the question as he might choose to indulge in by bringing successive actions, although beaten in all previous ones, was summarily curtailed, for the effect of a judgment in such action was altered so as to make it conclusive and the party

defeated could only obtain one more trial of the question by paying up all the costs. Thus the new trial taken under the statute was, as I have said, in effect the bringing of a new action by vacating as of course the old judgment and taking such new trial in the old action instead of bringing another. But the condition upon which such right was to be exercised was the payment of all the costs incurred up to that time. It seems to me that when a new trial is taken as of course under this statute, and the costs are paid, payment is not to be considered as preventing the granting of another extra allowance when the action comes on for trial again and the same party again succeeds. We think the court had power to grant this allowance.

It results from these views that the judgment and order should be affirmed, with costs.

All concur.

Judgment affirmed.