FRANK BROWN, Respondent, *v.* THE ROOT MANUFACTURING COMPANY, Appellant.

*Ejectment — new trial, under section 1525 of the Code of Civil Procedure — original stipulation to refer requires the appointment, under section 1011 of the Code, of a new referee.*

The provision of section 1011 of the Code of Civil Procedure, that if a new trial is granted of an action tried by a referee named in a stipulation, the court must appoint another referee, unless the stipulation expressly provides otherwise, applies to an action of ejectment in which a new trial is granted under section 1525 of the Code.

The vacation of a judgment and the granting of a new trial in an action of ejectment, under section 1525 of the Code, does not vacate a stipulation and order of reference made before the original trial.

*Semble,* that on the vacation of a judgment in ejectment, under section 1525 of the Code, every other proceeding in the action taken before trial stands.

*Wing* v. *De La Rionda* (131 N. Y. 422), considered.

APPEAL by the defendant, The Root Manufacturing Company, from an order of the Supreme Court, made at Special Term and entered in the office of the clerk of Albany county on the 29th day of August, 1893, denying the defendant's motion for the appointment of a new referee to hear and determine the action.

*Paul Fenimore Cooper,* for the appellant.

*C. F. Doyle,* for the respondent.

HERRICK, J.:

This is an action of ejectment to recover possession of certain premises in the city of Cohoes.

The attorneys for the respective parties, by a written stipulation, referred the action to an attorney of this court as sole referee to hear and determine. The referee made his report, finding in favor of the defendant; judgment was thereupon entered against the plaintiff, with the costs of the action.

Thereafter, at a Special Term of this court, an order was entered under section 1525 of the Code of Civil Procedure vacating such judgment and granting a new trial upon the payment of defendant's costs. The plaintiff paid defendant's costs, and thereafter the

defendant, by his attorney, made a motion at a Special Term asking to have the action referred to some other referee to hear and determine the same, in the place and stead of the former referee.

The Special Term denied the motion, and from that order the defendant appeals to this court. Section 1011 of the Code of Civil Procedure provides that where an action has been referred, and the referee named in the stipulation refuses to serve, " or, if a new trial of an action tried by a referee so named is granted, the court must appoint another referee unless the stipulation expressly provides otherwise." The stipulation in this case did not provide otherwise.

This section refers to all actions, except those specially exempted therefrom by section 1012, and the exceptions set forth in this latter section do not include actions of ejectment. While a new trial in an action of ejectment is a matter of right upon the payment of costs, still, it cannot be had except upon an order of the court vacating the judgment and granting a new trial.

Here, then, we have in this case an action referred by consent of the parties, manifested by a written stipulation, to a referee to hear and determine, a hearing and determination by and the entry of a judgment thereon and the granting by the court of a new trial; this, it seems to me, brings it plainly and squarely within the section of the Code referred to, it not being one of the cases expressly excepted therefrom.

The court below proceeded upon the theory that all proceedings subsequent to the joinder of issue in the action were vacated by the order vacating the judgment and granting a new trial pursuant to section 1525 of the Code, and cited as authority therefor the case of *Wing* v. *De La Rionda et al.* (131 N. Y. 422).

The portion of the case relied upon is that wherein it was decided that in an action of ejectment, where a new trial had been granted, and the costs, including an extra allowance upon the first trial, had been paid, another extra allowance may be granted upon the second trial, and the respondent relies upon that portion of the opinion upon page 431 reading 'as follows : " In taking a new trial under such circumstances, and by virtue of the statute, the party availing himself of the privilege in effect commences or causes the commencement of a new action." And again at page 432 : " Thus, the new trial taken under the statute was, as I have said, in effect the bring-

ing of a new action by vacating as of course the old judgment and taking such new trial in the old action instead of bringing another."

The doctrine established by that case I do not think should be extended beyond the question there expressly decided.

The section of the Code under which the new trial is had only provides for vacating the judgment, and not for vacating anything prior thereto ; it goes no further than is absolutely necessary to grant the party a new trial ; it provides for going no further back in the action than is necessary for that purpose.

Following literally the language of the opinion in the case of *Wing* v. *De La Rionda,* that the party taking a new trial " in effect commences, or causes the commencement, of a new action," would take us back not only to the joinder of issue in the action, but to the summons itself, which is the paper or proceeding by which the action is commenced, yet it will hardly be contended that everything after the service of the summons is vacated, and new pleadings may or must be served. I think it cannot be successfully disputed but that the new trial provided for in actions of ejectment must be upon the same issues as the first.

It is evident, then, that all the proceedings prior to the entry of the judgment are not vacated, and that we must stop somewhere. between the summons and the judgment, and the safest way, it seems to me, is to regard nothing vacated except what the Code expressly provides for, that is, the judgment, and that every other proceeding taken before the trial stands ; that being so, the stipulation and order of reference are still in force, and it was the duty of the court to appoint another referee.

The order of the Special Term should be reversed, and an order granted appointing another referee, with ten dollars costs of motion, and ten dollars costs of this appeal, and printing and other disbursements.

MAYHAM, P. J., and PUTNAM, J.; concurred.

Order of Special Term reversed, order granted appointing another referee, with ten dollars costs of motion at Special Term, and ten dollars costs of this appeal, and printing and other disbursements.