FRANK BROWN, Appellant, *v.* THE ROOT MANUFACTURING COMPANY, Respondent.

EJECTMENT — NEW TRIAL — STIPULATION TO REFER. When a party defeated in an ejectment action avails himself of the privilege of the statute (Code Civ. Pro. § 1525) to have a new trial, a previous stipulation for trial before a referee holds good; and, in the absence of a stipulation providing otherwise, the court must appoint another referee for the new trial (Code Civ. Pro. § 1011).

*Wing* v. *De La Rionda* (131 N. Y. 422), distinguished and explained.

Reported below, 76 Hun, 159.

(Argued January 20, 1896; decided January 28, 1896.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, made February 13, 1894, which reversed an order of Special Term denying a motion by defendant to appoint a referee in place of a former referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*C. F. Doyle* for appellant. By paying the costs of the judgment in ejectment entered upon the report of the referee, the plaintiff was placed in the same position as if he had brought a new action, vacating all proceedings subsequent to the joining of issue, notwithstanding section 1011 of the Code. (*Wing* v. *De La Rionda*, 131 N. Y. 422, 431, 432 ; *Bolton* v. *Schriever*, 135 N. Y. 75 ; *Carnes* v. *Platt*, 8 J. & S. 205, 209 ; Code Civ. Pro. § 1525 ; *Ainslie* v. *Mayor, etc.*, 1 Barb. 168 ; *Bates* v. *Stearns*, 23 Wend. 483 ; *Martin* v. *Rector*, 11 Abb. [N. C.] 362 ; *Haley* v. *Wheeler*, 8 Hun, 569.) The right of the plaintiff to a new trial was absolute. It did not depend upon any error of law or fact. The court at Special Term had no discretion to deny the application. (*Compton* v. *The Chelsea*, 139 N. Y. 538 ; *Crowley* v. *Murphy*, 26 J. & S. 258.)

*Eugene Burlingame* for respondent. A party cannot have a new trial in any case without the order of the court, and the

language of section 1011 of the Code is general and applies to all cases and to every kind of issue, whether of fact or of law, and is imperative, that " upon the consent of the parties manifested by a written stipulation, signed by their attorneys and filed with the clerk," that the issues must be referred, and it is equally imperative, that if a new trial of an action tried by a referee so named is granted, the court must appoint another referee. (*Hustis* v. *Aldridge*, 144 N. Y. 511; *Catlin* v. *A. Co.*, 19 Hun, 389; 81 N. Y. 379; *May* v. *Moore*, 24 Hun, 351; *Lennon* v. *Smith*, 47 N. Y. S. R. 483; *Cater* v. *Wallace*, 3 How. Pr. [N. S.] 350; *Knowlton* v. *Atkins*, 134 N. Y. 322.)

GRAY, J. This was an action of ejectment. The attorneys for the plaintiff and defendant had stipulated, in writing, that the issues in the action should be referred for trial to Joseph M. Lawson and thereupon an order was made appointing him sole referee to hear and determine the action. The referee determined in favor of the defendant and a judgment was accordingly entered, dismissing the plaintiff's complaint. Thereafter the plaintiff moved for and obtained an order vacating the judgment and granting a new trial in the action, upon payment of costs. Subsequently the defendant applied for an order appointing another referee in the place of Mr. Lawson. The Special Term denied the motion; but, upon appeal to the General Term, the order of the Special Term was reversed and a new referee was appointed in the action.

The denial at Special Term was placed upon the ground that the granting of the new trial in the action vacated all proceedings subsequent to the joinder of issue. The General Term took a different view and held that section 1011 of the Code of Civil Procedure was applicable, and that the case of *Wing* v. *De La Rionda* (131 N. Y. 422), upon which the Special Term justice had relied, did not control the application of the section. The question, therefore, is presented as to whether when a party, defeated in an ejectment action, avails himself of the privilege of the statute to have a new

trial, a previous stipulation for trial before a referee ·holds good, or whether it is to be deemed vacated along with the judgment.

Certain expressions used by Judge Peckham in *Wing* v. *De La Rionda* might seem to furnish some reason for supposing the latter view to be correct; but that would appear so only upon a casual reading of the opinion. What was involved in that case was the question of the right of a party, again succeeding upon the second trial in the ejectment action, to have another extra allowance granted to him. It was held that the court had power to grant the extra allowance after the second trial; inasmuch as, by taking a new trial under the statute, the party " in effect, commenced or caused the commencement of a new action." It was observed that, in ordinary cases, where a new trial is granted for error .of law or fact, and costs are made to abide the event, the general rule obtained that but one extra allowance could be taxed. in an action. The opinion pointed out the reasons for the existence of the provisions of the Code, which allow a defeated party in an ejectment suit to have the judgment vacated and a new trial granted, upon the payment of costs, and that they were, in substance, transcripts of the provisions of the Revised Statutes, which put an end to the right which parties defeated in actions of ejectment enjoyed at common law of re-commencing similar actions, regardless of previous adjudications. The opinion, proceeding upon the reason for the existence of the Code provisions, very properly, likened the new trial under them to a new action ; but, by appropriate words, qualified the general force of its expression. It was said that the new trial was, " in effect, the bringing of a new action by vacating as of course the old judgment and taking such new trial in the old action instead of bringing another." It is very plain from that language that it was not intended to hold that, in all respects, the new trial should be as in a new action brought by the parties ; but that it should be " a new trial in the old action."

It is very evident, I think, that section 1525 has reference to a re-trial of the issues ; for its language is that the court,

upon the application of the party against whom a judgment in ejectment is rendered, " must make an order vacating the judgment and granting a new trial in the action." That is to say, that the judgment only is vacated and the new trial which is granted must be in the action. The right to a new trial should be taken to mean a new trial of the issues in the manner provided by law, and this brings us to a consideration of whether the manner of the trial shall always be as provided for in the Code upon a joinder of issue ; or whether, when a written stipulation of the parties has been made, after the cause was at issue, it shall control and the trial be had before a referee. Section 1011 of the Code of Civil Procedure, which provides for references by consent, uses this language : " If the referee named in a stipulation refuses to serve, or if a new trial of an action tried by a referee so named is granted, the court must appoint another referee, unless the stipulation expressly provides otherwise." This language is general and no reason exists for excepting from its application the case of a new trial granted in an ejectment action. This seems especially true, since the exceptions to the operation of the section are mentioned therein as those of the cases specified in section 1012. The appellant's view proceeds upon the theory that the defeated party, who takes a new trial under section 1525 of the Code, is placed in the position of commencing *de novo*, with all the rights which appertain to actions of ejectment immediately after service of the answer. The support for that view he finds in *Wing* v. *De La Rionda* and he argues, upon the strength of the opinion in that case as well as upon other cases to which he refers us, that all proceedings, other than the pleadings, prior to the judgment are swept away, when the new trial is taken, and that the right of the court to name a new referee should be held to apply only to actions where a new trial is granted for error of law or fact. I have sufficiently spoken of the opinion in *Wing* v. *De La Rionda* and endeavored to show that it intended to hold nothing so radical as is suggested. In order to give to section 1011 the construction that it applies only to the case of a new trial granted for

errors of law or fact, we should have to introduce, arbitrarily, what seems to be an unnecessary limitation upon its general language and we should, quite as unnecessarily, be adding another case to the excepted cases specified in section 1012. I think we must read sections 1525 and 1011 together, and when we see that under the former the court must vacate the judgment and grant a new trial in the action, the condition called for by the latter section is met and that the court (in the absence of a stipulation providing otherwise), must appoint another referee. It was competent for the parties to waive the right to a jury trial of the issues in the action and that was the effect of their stipulation. Having waived the right, the new trial granted in the action, under section 1525, must be in the manner stipulated and which the parties had agreed to for the disposition of the issues. The issues remain the same and there is no reason why the waiver of their trial by jury should not be as effective upon a second as upon the first trial.

I think the order of the General Term was right and that it should be affirmed, with costs.

All concur.

Order affirmed.