(40 Misc. Rep. 470.)

BARSON v. MULLIGAN.

(Supreme Court, Special Term, New York County.　April, 1903.)

1. EJECTMENT—NEW TRIAL.
　　A second new trial in ejectment will be granted as a matter of favor where the verdict may have been based on questions of pleading and order of proof which may be obviated by the amendment of the answer.

2. SAME—PAYMENT OF COSTS.
　　Where a second new trial in ejectment is granted defendant, he must pay all the costs, but need not pay the damages awarded for the use and occupation of the premises.

Action by William G. Barson against Agnes K. M. Mulligan.　Verdict for plaintiff.　Motion for new trial.　Granted.

See 79 N. Y. Supp. 31, 34.

Forster & Speir, for plaintiff.
William G. Mulligan, for defendant.

GILDERSLEEVE, J.　The action is ejectment.　The defendant seeks a new trial under section 1525 of the Code of Civil Procedure. The case has been tried twice.　A judgment for the plaintiffs on the first trial was reversed on appeal (73 N. Y. Supp. 262), and a new trial ordered, which resulted in a judgment for the plaintiffs awarding them possession of the premises, and, as damages, $3,138.31, the value of the use and occupation of the land, $2,450 double damages for willfully withholding it after notice to quit, and $519.71 costs; making a total of $6,108.02.　The jury found the value of the use and occupation of the premises to be $700 per annum for about four years and a half, and the amount was fixed at $3,138.31, as above stated.　On plaintiffs' motion the damages were doubled, under the statute, for three years and six months of the period at the same rate, thus allowing the plaintiffs $2,450.　This appears from the clerk's certificate of the minutes of the trial and from the order made by the trial justice.　The judgment entered in the suit is that the plaintiffs recover of the defendant possession of the property and $5,588.31 damages for withholding the premises and $519.71 costs.　The defendant appears to have failed at the trial because Mrs. Mulligan, claiming to be a mortgagee in possession of the land, had assigned her mortgage to a Mr. Steers by an assignment absolute on its face, though, as she offered to show, in fact as collateral security for the payment of a note which had been paid.　Evidence on this point was excluded by the court on the ground that the facts had not been pleaded and that it should have been presented in chief, and not in rebuttal.　On appeal the Appellate Division held that this ruling was correct, though leaving it to be inferred that the trial justice might, in his discretion, have admitted the testimony so far as it presented a question of the mere order of proof.　In ejectment the defendant is entitled, as of course, to one new trial, but a second trial can be granted only as a matter of favor, and when the court is satisfied that justice will be thereby promoted, and the rights of the parties more satisfactorily ascertained and established.　Code, § 1525; Doorley v. O'Gorman, 31 App. Div. 216, 52 N. Y. Supp. 536.　Consider-

ing that the defendant's defeat may have turned on a question of pleading and of the order of proof, which, on another trial, may be obviated by an amendment of the answer and a strict compliance with the rule governing the introduction of evidence, I am inclined to think that a new trial of the action should be granted on the terms imposed by the statute. The counsel for the plaintiffs insists that, if a new trial is granted, it should only be on payment of the costs and $2,450, double damages. Section 1496 of the Code permits the plaintiff in ejectment to demand and recover damages for withholding the property in question, and, by section 1497, these "include rents and profits or the value of the use and occupation." So that the operation of section 1497 appears to unify the two items of damage, and make them inseparable. Formerly they were separate and distinct, and rents and profits or the value of the use and occupation could not be recovered in ejectment, but were only recoverable in a subsequent suit (Larned v. Hudson, 57 N. Y. 151); but under the present Code that distinction does not exist, and they may now be recovered together, with damages for withholding the premises, in the same action (Clason v. Baldwin, 129 N. Y. 183, 29 N. E. 226; Risley v. Rice, 11 Civ. Proc. R. 367; Gas Light Co. v. Rome, W. & O. R. R. Co., 51 Hun, 119, 5 N. Y. Supp. 459). By section 1531 of the Code the plaintiff in ejectment may have, as damages, the rents and profits or the value of the use and occupation of the land. It will thus be seen that the only damages specifically mentioned and defined in sections 1496 to 1531 are the double damages for holding over and the value of the use and occupation recovered by the plaintiffs here. Both items of damage are of the nature of compensation for the use and occupation of the land, and spring from the same source and obligation. Now, as a condition of granting a new trial, the defendant is required to pay all costs and all damages awarded to the plaintiff, other than for rents and profits, or for use and occupation (Code, § 1525), and upon plaintiffs' reasoning the result would be that the defendant can have a new trial only on payment of the costs and $5,588.31 damages for withholding the premises; in other words, the entire amount of the judgment. But counsel claims only $2,450 as damages for the holding over. And yet, as already shown, the Code treats the whole recovery as damages, and section 1525 excludes from the damages to be paid the rents and profits, or the value of the use and occupation. If the two items of damage which constitute the recovery here are separated, violence is done to the integrity of the judgment on one hand, and, on the other, if the defendant is required to pay all the damages, violence is done to the provision of section 1525, which excepts from payment damages for rents and profits or for use and occupation. I conclude that the damages mentioned in section 1525, which the defendant is required to pay, are not the penalty for the detention of the premises, nor for their use and occupation, but damages of another kind, which are recoverable in ejectment, such as for waste and other material injuries to the land. 11 Am. & Eng. Encyc. of Law (2d Ed.) 547, 548. This view finds some support in the following cases: Risley v. Rice, 11 N. Y. Civ. Proc. R. 367; Wings v. De La Rionda, 20 N. Y. Civ.

Proc. R. 183, 13 N. Y. Supp. 793. New trial granted, and the judgment entered herein March 28, 1902, to be vacated on payment of all the costs. Costs other than those in the judgment to be taxed by the clerk.

Ordered accordingly.