(44 Misc. Rep. 26.)

BARSON et al. v. MULLIGAN et al.

(Supreme Court, Special Term, New York County. June, 1904.)

1. EJECTMENT—COSTS.

On the first trial in ejectment, judgment was entered on a verdict directed for plaintiffs, which judgment was reversed by the Appellate Division, with costs to defendants to abide the event. On the second trial a judgment entered on a verdict directed for plaintiffs was affirmed by the Appellate Division, and, on a third trial obtained by defendants, under Code Civ. Proc. § 1525, on payment of costs, a verdict was rendered for defendants. Held, on motion for retaxation of costs, that the identity of the original action was not affected by the order for a new trial made under Code Civ. Proc. § 1525, and that, as the event had been in favor of defendants, plaintiffs were liable for the costs and disbursements of the first appeal.

Action by William G. Barson and others against Agnes K. M. Mulligan and others. Verdict for defendants. Motion for retaxation of costs. Denied.

See 73 N. Y. Supp. 262, 79 N. Y. Supp. 31, 34, and 82 N. Y. Supp. 677.

Forster & Speir (Henry A. Forster, of counsel), for motion.
William G. Mulligan, opposed.

GIEGERICH, J. In an action of ejectment there have been three trials, and this motion for a retaxation brings up the question whether the clerk was right in taxing, as he did, the costs and disbursements of the first appeal to the Appellate Division. The course of the litigation has been as follows: Upon the first trial a verdict was directed for the plaintiffs, but upon appeal to the Appellate Division the judgment entered thereon was reversed, "with costs to the appellants to abide the event." 66 App. Div. 486, 73 N. Y. Supp. 262. The costs thus awarded are the ones in controversy. At the second trial a verdict was again directed for the plaintiffs, and the judgment thereon was affirmed by the Appellate Division. Thereafter the defendants moved for a new trial under section 1525 of the Code of Civil Procedure, and obtained an order granting such trial upon payment of all costs. 40 Misc. Rep. 470, 82 N. Y. Supp. 677. The new trial thus obtained resulted in the direction of a verdict in favor of the

defendants, and upon the taxation the clerk allowed the costs and disbursements of the first appeal to the Appellate Division, which were awarded in the manner above stated. In support of the motion, reliance is placed on certain expressions of the Court of Appeals in Wing v. De La Rionda, 131 N. Y. 422, 431, 30 N. E. 243, 245, where, in reaching the conclusion that a second extra allowance could be allowed on a second new trial obtained under the section in question, the court said:

"In taking a new trial under such circumstances, and by virtue of the statute, the party availing himself of the privilege in effect commences or causes the commencement of a new action. * * * Thus the new trial taken under the statute was, as I have said, in effect the bringing of a new action."

The argument based upon this decision is that a new bill of costs and a new extra allowance may be recovered in the second action obtained under the statute, as if a new action had been brought, and consequently no part of the costs of the former trials or appeals can be recovered, because the costs of one action cannot be recovered in another action. In the more recent decision made in Brown v. Root Mfg. Co., 148 N. Y. 294, 296, 297, 42 N. E. 720, the Court of Appeals has taken occasion to point out that the language above quoted from Wing v. De La Rionda should not be taken in too broad a sense, saying, "the judgment only is vacated, and the new trial which is granted must be in the action," and holding that the Special Term was wrong in its theory that "the granting of the new trial in the action vacated all proceedings subsequent to the joinder of issue." Accordingly the Court of Appeals ruled that a previous stipulation made for a trial before a referee held good after the plaintiff had obtained a new trial under section 1525. The result of these decisions seems to be that, while the taking of a new trial is to be deemed the bringing of a new action, as it were, for the purposes of an additional allowance, nevertheless, for other purposes, the identity and continuity of the original action is no more affected or broken by an order for a new trial obtained under the statute than it would be by the same order obtained on appeal. In either case "the judgment only is vacated, and the new trial which is granted must be in the action." Upon this theory, the "event" contemplated by the Appellate Division, viz., the final result of the action in which the costs were awarded, has been in favor of the defendants, who now become entitled to tax such costs.

Motion denied, with $10 costs.