CHARLES E. LARNED, Respondent, *v.* GEORGE HUDSON, Appellant.

57  151
129  188

A claim for damages for withholding possession of real estate does not include the rents and profits thereof during the time the possession has been wrongfully withheld; that is a separate and distinct cause of action. (Code, § 167.)

Accordingly *held*, where the complaint asked to recover possession of certain real estate with damages for withholding, that the reception of evidence of the value of the use and occupation, and a charge instructing the jury that, in estimating the damages, they might take into consideration such evidence, was error.

Also, *held*, that a general objection to the evidence was sufficient, as there was no cause of action alleged authorizing the introduction of the evidence; and the complaint could not have been amended so as to obviate the objection, as that would have required the inserting a new and independent cause of action.

(Submitted October 2, 1873; decided January term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of the plaintiff entered upon a verdict, and affirming an order denying a motion for a new trial.

This action was brought for the recovery of the possession of a house and lot of land, in the city of Brooklyn, of which plaintiff claimed to be the owner, and which he alleged was withheld from him by the defendant, who was in the wrongful possession thereof.

The complaint stated these facts (containing no other allegation), and it thereupon demanded judgment: 1st. For the possession of the premises; and, 2d. For $2,000 damages to

the plaintiff for withholding the possession of said premises from him, together with the costs of the action. The defendant, by his answer, denied that the plaintiff was the owner of the premises, and put all the facts alleged in the complaint, except that of his possession, in issue, and he claimed such possession to be rightful. The plaintiff, on the trial of the issues, proved his title to the property, and his right to the possession of it at the time of the commencement of the action. He also proved the value of the use and occupation thereof against an objection and exception of the defendant to its admissibility. The court, in the charge to the jury, instructed them that, in estimating the damages of the plaintiff, they might take into consideration the testimony as to the value of the use and occupation of the premises; to which defendant duly excepted. The jury found a verdict for the plaintiff, and assessed his damages at $475 " for the detention " of the premises.

*Crooke, Bergen & Clement* for the appellant. A demand for damages for the ouster does not cover the rents and profits. (*Livingston* v. *Tanner*, 12 Barb., 481.) This judgment would not be a bar to an action for the rents and profits, and, if it stands, gives the plaintiff double rents of the property. (*Holmes* v. *Davis*, 19 N. Y., 488; *Van Alen* v. *Rogers*, 1 J. Cas., 281.) The court had no power to allow an amendment of the complaint in the trial, which sets up a new and distinct cause of action. (Code, § 167, sub. 5.)

*Ira D. Warren* for the respondent. It was proper for the court to charge the jury that, in estimating the damages, they could consider the testimony as to the value of the use and occupation of the premises. (*Low* v. *Purdy*, 2 Lans., 422.) The claim for damages and for use and occupation could be joined in the same action. (Code, § 167; *People* v. *Mayor, etc.*, 28 Barb., 240; *Holmes* v. *Davis*, 21 id., 265; *Tompkins* v. *White*, 8 How., 520.) The court had power to amend the complaint so as to conform it to the proof. (*Brass* v. *N. H. R. R. Co.*, 21 N. Y., 305; 11 id., 237; 18 id., 515; *People*

v. *Bristol,* 1 Lans., 645; *Kellogg* v. *Kellogy,* 6 Barb., 131; *Vrooman* v. *Weed,* 2 id., 33; *Bates* v. *Graham,* 1 Kern., 237.) Plaintiff can recover for the use and occupation of the premises as a part of the damages for withholding the possession. (R. S. [5th ed.], 597, § 36; *People* v. *Mayor, etc.,* 8 Abb., 8.).

LOTT, Ch. C. The evidence given on the trial as to the value of the use and occupation of the premises was clearly inadmissible; and the instruction given to the jury that they might take such value into consideration in estimating the plaintiff's damages for being kept out of possession, was also erroneous.

The only cause of action stated in the complaint is for the recovery by the plaintiff of the real estate described therein, with damages for withholding the same from him. It is not stated how long the defendant has been in possession, or in fact that he had been in the occupation thereof at all before the day on which the action was commenced; and there is no statement or allegation whatever to show, or in any manner apprise the defendant or indicate to him that any claim was made for the rents and profits thereof. They do not form any part of the *damages* for withholding the property, but constitute a *separate and distinct cause of action.* This clearly appears from the provisions of the Code. It is provided by section 167 thereof that the plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of (among other grounds or facts) "claims to recover real property, *with* or *without damages* for withholding thereof, and the rents and profits of the same." (See subdivision 5.) That provision fully recognises the fact that a claim for *damages* for *withholding real estate,* demandable and recoverable in an action for the recovery of the land itself, does not *include* but is distinct from a claim for the *rents* and *profits* of it during the time the possession is wrongfully withheld.

This question was considered by the Albany General Term of the Supreme Court, in February, 1852, in *Livingston* v. *Tanner* (12 Barb., 481); and it was there held (HARRIS, J., giving the opinion), under a complaint containing substantially the same allegations as those contained in the complaint in this action, and on exceptions to like rulings and instructions to the jury at the circuit by the presiding judge as those herein, that he erred in permitting evidence to be given of the yearly value of the land and allowing a recovery thereof; and the judgment was reversed and a new trial was ordered. I am not aware that this decision has ever been questioned. The attention of the General Term in the case under review cannot, I think, have been directed to it, for we ought not to assume that they intended to overrule it, in the absence of an opinion or a declaration in any form that such was their intention. The reasoning of Judge HARRIS and his views are in accordance with our construction of the Code ; and they also show that the plaintiff could not, in an action of ejectment under the Revised Statutes, have recovered the rents and profits of the land as *damages* for withholding the premises, but that proceedings for the recovery thereof were required to be taken, after a judgment in such action, by a suggestion of the claim which, with the proceedings thereon, was to be entered upon the record of such judgment or be attached thereto as a continuation of the same, as specially provided by those statutes. (2 R. S., 310, §§ 43, 44, 45.) See, also, *Holmes* v. *Davis* (19 N. Y., 488).

It is claimed by the plaintiff's counsel in his points that the objection to the evidence of the value of the use and occupation was unavailing. 1st. Because it was not objected to till the proof had been given ; and, 2d. Because no ground of objection was stated. The answer to this claim is that a fair construction of the statement in the case that " defendant's counsel objected to the testimony " (which was taken in a narrative form) " as to the value of use and occupation ; overruled and exception taken," is, that it was all done in due time ; and a specification of the ground of the objection was not necessary, because

there was no cause of action alleged which authorized or warranted the introduction of the proof. If counsel had stated at the time the objection was made that it was inadmissible under the complaint, the objection could not have been obviated by leave or permission given to insert allegations or statements showing a claim for such rents and profits. They would have constituted a *new* and *independent* cause of action and not a mere amendment of that alleged in the complaint, and for which alone the action had been commenced.

It follows, from the views above stated, that the judgment appealed from and that affirmed by it should both be reversed and a new trial ordered, costs to abide the event.

All concur.

Judgment reversed.