Angle, J.
The only question on. this motion is, whether, in addition to costs, the defendants must pay the judgment for seventy-two dollars, recovered against the defendant, Eice. Under section 1525, Code Civ. Pro., the defendant is *169 required to pay, in addition to costs, “all damages other than for rents and profits or for use and occupation awarded” by the jury. An action of ejectment is an action to recover the immediate possession of real property (Oode § 3313, sub. 20,) and in such action plaintiff may demand in his complaint, and in a proper case recover damages for withholding the property, (§1196); these damages include rents and profits, or the value of the use and occupation when either can be legally recovered by the plaintiff, (§1197); and the plaintiff is entitled to recover as damages, the rents and profits, or the value of the use and occupation of the property for a term not exceeding six years, (§1531). Under the above provisions damages for detention now include the rents and profits or valuó of the use and occupation, and the former rule as held in Larned v. Hudson (57 N. Y., 151), has been changed, De Lisle v. Hunt (36 Hun., 620); see, also, Wallace v. Berdell (10.1 N. Y., 13).
The complaint here alleges among other things, that defendants are in the wrongful possession of the premises, and wrongfully claim possession thereof, and, although plaintiff has demanded possession, the defendants have refused, and still do refuse, to deliver the premises and the possession to plaintiff, and wrongfully withhold the same from her to her damage $200, wherefore she demands judgment for the possession of said premises and for $200, the plaintiff’s damages, by the withholding the said premises by the defendant and use of the same; and plaintiff has judgment that she “recover of the defendant, Eh Rice, the sum of seventy-two dollars for the wrongful detention and withholding of said real estate from her. ” Under the above authorities the damages asked for, and adjudged included the rents and profits, or the value of the use and occupation (if any was proven), being what at common law was known by the technical name of mesne profits, and that the damages awarded in this case were, in fact, for rents and profits, or use and occupation is quite clear from the affidavits and printed case; defendants, therefore, need not pay them as a condition for a new trial.
Motion granted without costs.