## CLASON *v.* BALDWIN.

*(Supreme Court, General Term, First Department.* March 13, 1891.)

**1. EJECTMENT—TITLE TO SUPPORT—POSSESSION.**
In an action to recover possession of real property, brought by a devisee thereof, it was admitted that plaintiff's devisor appeared by the record title to have received a deed of the property, and that the record would show title in his grantor at the time of such conveyance, and production of the record was waived by defendant. *Held,* that plaintiff could recover without additional evidence that actual possession had been taken of the land under the title shown by the record, as such title, appearing to have been derived from the original owner, was accompanied by constructive possession.

**2. SAME—NON-JOINDER OF PARTIES—WAIVER OF OBJECTION.**
Although Code Civil Proc. N. Y. § 1502, requires that, in an action for real property, where the complaint demands judgment for immediate possession, if the property is actually occupied, the occupant must be made defendant, the right to insist on an objection for non-joinder of such occupant is waived by a defendant

who does not set up the objection by answer, where the defect is not disclosed by the complaint so as to be ground for demurrer; "defect of parties" being an objection which, under Code Civil Proc. N. Y. §§ 488, 498, 499, is waived if not taken either by demurrer or answer.

**3. SAME—PROOF OF POSSESSION.**
Where, in an action to recover possession of real property, the evidence as to the fact of possession is such as to render the question one for the jury, their finding thereon will be sustained.

**4. SAME—DAMAGES FOR WITHHOLDING POSSESSION.**
Where the complaint in an action to recover real property contains no allegations as to damages for withholding possession, plaintiff cannot recover such damages, even from the time of the commencement of the action. Following *Larned* v. *Hudson*, 57 N. Y. 151.

Appeal from circuit court, New York county.

Action by Josephine F. Clason against Elizabeth S. Baldwin to recover possession of certain real property. Defendant appeals from a judgment for plaintiff entered on the verdict of a jury, and from an order denying a motion for a new trial. See former decision, 9 N. Y. Supp. 609. Code Civil Proc. N. Y. § 1502, provides that, in an action to recover real property, "where the complaint demands judgment for the immediate possession of the property, if the property is actually occupied, the occupant thereof must be made defendant in the action." Section 488 provides: "The defendant may demur to the complaint, where one or more of the following objections thereto appear upon the face thereof: * * * (6) That there is a defect of parties, plaintiff or defendant." Section 498 provides: "Where any of the matters enumerated in section 488 of this act as grounds of demurrer do not appear on the face of the complaint, the objection may be taken by answer." Section 499 provides: "If such an objection is not taken, either by demurrer or answer, the defendant is deemed to have waived it; except the objection to the jurisdiction of the court, or the objection that the complaint does not state facts sufficient to constitute a cause of action." For former report, see ante, 73, 371.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Isaac N. Miller*, for appellant. *George W. Stephens*, for respondent.

DANIELS, J. The judgment appealed from is for the recovery by the plaintiff of the possession of the premises known as "No. 42 Sheriff Street," in the city of New York, and the sum of $3,942.50 damages for the withholding of the same after the commencement of the action. The case was previously before this court, and the decision then made in it is reported in 9 N. Y. Supp. 609. The plaintiff derived her title from her father, William Jones Clason, as one of his children and heirs at law. At the time of his decease he left three children and his widow surviving him. By his will, which was duly proved, he provided an annuity for his widow, amounting to the sum of $700, and charged its payment upon his real and personal estate. Subject to the payment of the annuity, he gave his real and personal estate to his two sons, and such future child or children as should be born of his wife, as tenants in common; subject to the further direction that, if either of his children should die without lawful issue, then the share of that child should go to the survivor or survivors of his children. The will was dated on the 18th of March, 1823, and the plaintiff was born on the 13th of June of the same year. One of the sons died on the 27th of April, 1825, and the other on 7th of October, 1860. They were each unmarried when they became deceased, and consequently without lawful issue. And the widow died on the 27th of August, 1853. The plaintiff, therefore, acquired the estate, according to the will, on the decease of the second son, free and discharged from the widow's annuity. It was admitted on the trial that William Jones Clason appeared, by the record title to the property in suit, to have received a deed of the same on the 11th of March, 1822; and that the record, if produced, would show title in his grantor at the time of such conveyance, and that production of the record was

waived by the defendant. That admission, with the other evidence to which reference has been made, vested the plaintiff with the title to this land. But it was objected that she could not maintain this action to recover its possession, without additional evidence that actual possession had been taken of the land under the title appearing by the record. But that is not the law where the plaintiff appears to be the owner of the land by a title, as this was, in no way depending upon the fact of possession. If the deed to the plaintiff's ancestor had been executed by a person not appearing to be vested with the title, then possession by him would have been a necessary factor in the way of proving title. But when the title is shown, as it was by this record, to have been derived successively from the original owner, there it is accompanied with a right of possession, which secures to the apparent owner the constructive possession, and the right to recover it by an action of ejectment from a person withholding it without title. That is conceded and assumed in the authorities cited to support the appeal, (*Miller* v. *Railroad Co.*, 71 N. Y. 380; *Dunham* v. *Townshend*, 118 N. Y. 281, 23 N. E. Rep. 367; *Cagger* v. *Lansing*, 64 N. Y. 417,) and is without doubt the well-established law.

The premises in suit were occupied by tenants who were not made defendants, and not by the defendant herself; and, as section 1502 of the Code of Civil Procedure has required the occupant to be made a defendant, it is objected that the action cannot be maintained. But by section 1503 the defendant, as the asserted landlady, could also be made a defendant in the action; and, if she desired the actual occupants to be joined with her as defendants, her remedy to secure that end was to set up, by way of answer, this nonjoinder of the occupants, as the complaint itself did not disclose the defect. That she has failed to do, and that failure deprived her of the right to insist on this objection. Code Civil Proc. §§ 488, 498, 499. *Finnegan* v. *Carraher*, 47 N. Y. 493. This objection, as well as the one previously considered, was therefore rightly overruled at the trial.

There was evidence in the case that the defendant had rented, and collected the rent of, considerable portions of the premises, and that evidence related to at least one tenancy, created before the commencement of the suit. Under this evidence the question was submitted to the jury whether the defendant was in fact in possession of the premises. They found the fact against her, and their verdict, as the evidence stood, is entitled to be sustained.

Exceptions were taken to portions of the charge which related to the right of the plaintiff to recover the land. But neither of them seems to be well founded, and they require no further consideration for the decision of this part of the appeal. She was proved to be the owner, and as there was sufficient evidence to render the fact of possession a question for the jury to decide, and that was found in her favor, the judgment awarding the recovery of possession to her was fully warranted.

The plaintiff was also held to be entitled to recover the damages for withholding possession from the time of the commencement of the action, and those damages have been included in the verdict and judgment. But that cause of action was not set out in the complaint. It stated no more than the facts of her own seisin, with a description of the property, followed by the allegation that the possession was wrongfully withheld by the defendant. That was not sufficient to entitle the plaintiff to these damages, although damages were included in the demand for judgment. *Larned* v. *Hudson*, 57 N. Y. 151. The damages accruing after the commencement of the action were considered not to be within the principle of this decision. But there seems to be no good reason for the distinction. It is as important that the right to recover the damages after the action has been commenced should be made to appear by the complaint as it is that it should lay the foundation for such damages as accrue previous to that event to entitle the plaintiff to recover them. The defendant was to be informed of the fact, to supply her with an

opportunity to be prepared with proof, if that could be obtained, to contest it upon the trial. That was not secured in this instance; and both the evidence proving the damages, and the ruling allowing their recovery, were erroneously sanctioned at the trial. The judgment should therefore be modified by setting aside and reversing so much as permits the recovery of these damages, and, as modified, affirmed, without costs of the appeal to either party.

All concur.