JOSEPHINE F. CLASON, Appellant and Respondent, v. ELIZABETH S. BALDWIN, Appellant and Respondent.

If the plaintiff in an action of ejectment fails to make a tenant in occupation of the premises a party, bringing the action against the landlord only, and the latter joins issue without pleading the non-joinder of the tenant, by his omission to so plead he waives the defect of the non-joinder and as he is a proper party (Code Civ. Pro. § 1503), the action must be tried upon the question of plaintiff's title and right to possession, although a recovery of the land cannot be enforced as against the tenant's occupancy.

While under the Code of Procedure (§ 167) only damage for withholding possession were incidental to a recovery by plaintiff in an action of ejectment, and a claim for rents and profits or for value of the use and occupation was a separate and distinct claim and so required to be separately pleaded, under and by the Code of Civil Procedure (§§ 484, 1496, 1497), this requirement is dispensed with and the incidental damages plaintiff is entitled to recover under his general demand includes the rents and profits or value of the use and occupation from the time of the commencement of the action. .

Where, therefore, in such an action the landlord was made sole defendant and answered, denying simply the allegations in the complaint of title and right to immediate possession and that such possession was wrongfully withheld by defendant, *held,* that it was not error to confine defendant upon the trial to the questions so presented ; that they having been determined upon sufficient evidence in plaintiff's favor, a judgment was proper awarding him possession; and that under the general demand for damages plaintiff was properly allowed to prove and to recover the annual rental of the premises from the date of the commencement of the action to the time of the trial.

*It seems,* however, a recovery of these items, as part of the damages included in the general demand, for a term prior to the commencement of the action, would not be proper.

(Argued October 26, 1891; decided December 1, 1891.)

CROSS-APPEALS from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 13, 1891, which modified and affirmed, as modified, a judgment in favor of plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*George W. Stephens* for plaintiff. The action is maintainable against the defendant, even though she was not in the actual occupancy of the property. (Code Civ. Pro. §§ 111, 118, 122, 1502, 1503 ; *Finnegan* v. *Carraher,* 47 N. Y. 491 ; 2 R. S. 304, 308, §§ 3, 36 ; *F. L. & T. Co.* v. *Kursch,* 1 Seld. 558 ; *Banyer* v. *Empire,* 5 Hill, 48.) The plaintiff established her title to the premises. (*Daly* v. *Byrne,* 77 N. Y. 187 ; *Tooley* v. *Bacon,* 70 id. 34; *Quimby* v. *Strauss,* 90 id. 664 ;

Statement of case.

*Levin* v. *Russel,* 42 id. 251; *Vanderzee* v. *Slingerland,* 103 id. 47.) There was no error in excluding the order substituting the plaintiff and another as executors of Elizabeth Carter as plaintiffs in the action on the lease. (*Rathbone* v. *Hoovey,* 58 N. Y. 463.) Plaintiff's recovery of damages for the withholding of the possession should be sustained. (*Larned* v. *Hudson,* 57 N. Y. 151.) Upon a recovery of mesne profits the recovery is always had up to the day of the trial. (*Vandervoort* v. *Gould,* 36 N. Y. 639; *Dawson* v. *McGill,* 4 Whart. 230; *McCrubb* v. *Bray,* 36 Wis. 333.) Mesne profits are now recoverable in an action of ejectment as an incident of the action. (Code Civ. Pro. §§ 1496, 1497, 1531; *Livingston* v. *Tanner,* 12 Barb. 481; *Holmes* v. *Davis,* 19 N. Y. 488; 2 R. S. 310, §§ 43, 44, 45; *G. L. Co.* v. *R., W. & O. R. R. Co.,* 51 Hun, 119; *Dawson* v. *McGill,* 4 Whart. 230.) The value of the use and occupation is recoverable without any allegation of special damage in the complaint. (*Argotsinger* v. *Vines,* 82 N. Y. 308, 314; *Jutte* v. *Hughes,* 67 id. 267; *Vanderslice* v. *Newton,* 4 id. 132; Code Civ. Pro. § 1496; *Brewster* v. *Silliman,* 38 N. Y. 423, 429; *Young* v. *Willett,* 8 Bosw. 486; *N. Y. G. & I. Co.* v. *Flynn,* 55 N. Y. 658; 65 Barb. 365; *Allen* v. *Fox,* 51 N. Y. 562; *C. E. N. Bank* v. *Blye,* 56 Hun, 403.) The recovery was proper in amount. (*Gaines* v. *City of New Orleans,* 17 Fed. Rep. 30.)

*Isaac N. Miller* for defendant. The complaint should have been dismissed, with costs, as plaintiff's testimony established affirmatively that defendant had never occupied the premises, but that the premises were in the actual occupancy of some one else. (Code Civ. Pro. § 1502, 1503; *Child* v. *Chappell,* 9 N. Y. 531; *Martin* v. *Rector, etc.,* 101 id. 79; *Bradt* v. *Church,* 110 id. 542; *Sisson* v. *Cummings,* 106 id. 53; *Schuyler* v. *Marsh,* 37 Barb. 350; *Taylor* v. *Crane,* 15 How. Pr. 359; *People* v. *Ambrecht,* 11 Abb. Pr. 97; Tyler on Eject. 472; *C. & S. L. R. Co.* v. *Valentine,* 19 Barb. 464; *Goodryght* v. *Gorett,* 7 T. R. 327; Brown on Parties, 246; *Fern* v. *Wood,* 1 B. & P. 573; Sedg. & Wait on Tit. 142; *Pulen*

v. *Reynolds*, 22 How. Pr. 353.) The plaintiff failed to show that at the time of the commencement of the action the defendant claimed any interest whatever in the premises. (*Volkening* v. *Degraaf*, 81 N. Y. 268 ; *Butten* v. *Livermore*, 52 Barb. 570 ; Code Civ. Pro. § 541 ; Tyler on Eject. 478.) Plaintiff failed to prove a legal title to the premises. (Sedg. & Wait on Titles, § 792 ; *Miller* v. *Downing*, 54 N. Y. 631 ; *Miller* v. *L. I. R. R. Co.*, 71 id. 383 ; *Gardner* v. *Heart*, 1 id. 528 ; *Dunham* v. *Townshend*, 118 id. 281.) The motion for a new trial should have been granted. (*Cagger* v. *Lansing*, 64 N. Y. 147 ; *Hennessy* v. *Paterson*, 85 id. 92 ; *Buel* v. *Southwick*, 70 id. 581.) The court in the first instance erred in admitting evidence as to the annual rental of the premises, and was properly reversed. (*Larned* v. *Hudson*, 57 N. Y. 151 ; 3 R. S. 577, § 39 ; Code Civ. Pro. §§ 1496, 1497 ; 3 Rumsey on Practice, 12 ; *Cagger* v. *Lansing*, 64 N. Y. 431.)

GRAY, J. This action was for the recovery of the possession of certain real property in New York city, and judgment was entered by the plaintiff upon a verdict, which awarded that recovery and also a sum of money as the rental value of the premises from the commencement of the action to the day of trial. The General Term affirmed so much of the judgment as gave to the plaintiff the possession of the premises; but reversed that portion of it which awarded damages for the withholding of the possession. Both parties have appealed to this court.

Upon the defendant's appeal, the objection discussed by her counsel is that the complaint should have been dismissed, because the defendant was not the actual occupant of and was not proved to have claimed any interest in the premises at the time of the commencement of the action, and that possession was not shown in the plaintiff or her ancestors.

We are quite satisfied with the disposition which was made by the General Term of this objection, and but a brief review of the principal point is called for. As an action to recover real property, the contest is necessarily over the title to it, and

while section 1502 of the Code of Civil Procedure requires that, where the complaint demands immediate possession, the occupant of the property must be made defendant in the action, the following section provides that any other person claiming title to, or the right to the possession of, the property as landlord, etc., may be joined as defendant in the action. In this case the defendant's tenants occupied the premises, when the action was commenced, and might have been made parties defendant; and they must have been made so, in order that a judgment of possession might be executed. But not having made the tenants defendants and electing to sue the landlord alone, it followed that the issue for trial was that raised by the pleadings. The landlord was a proper party and if she omitted to object to the defect of parties in the way provided for by the Code, in this case by answer, as the defect did not appear on the face of the complaint, the effect was to leave the action to be tried upon the question of the plaintiff's title and right to the possession.

No decision, that I am aware of, in this court militates against this view.

If the plaintiff in ejectment does not sue the tenant, but does his landlord, and the latter joins issue and, by his omission to so plead, waives the defect of non-joinder of the tenant, the consequence is that a recovery of the land cannot be enforced, as against the tenant's occupancy; but the judgment has determined the title to the land, as between the parties, to be in the plaintiff. Here the complaint simply alleged plaintiff's seizin in fee and her right to the immediate possession of the described property and that the defendant wrongfully withheld its possession from the plaintiff. The landlord, the sole defendant, in answering, denied each of these allegations and set up a new defense of the Statute of Limitations.

Thus, while a necessary party under the Code may have been omitted as a defendant, a proper party to the action, in the person of the landlord and one whose presence was necessary for the determination of the questions of title, was a defendant and she elected to appear and defend alone upon

the issue made as to plaintiff's title and right to the land and that she, the defendant, was wrongfully withholding its possession. There was no error in holding her, upon the trial, to the issues as then presented. The case of *Finnegan* v. *Carraher* (47 N. Y. 493) is quite in point upon the question.

Upon the question of defendant's possession of the premises in question there was sufficient evidence of acts of ownership to warrant the submission of the question to the jury and it was settled by their verdict. As to the legal title of the plaintiff it is unnecessary to add to the opinion of the General Term.

Upon the plaintiff's appeal the question is presented as to her right to recover damages for the withholding of the possession, measured by the annual rental of the premises from the date of the commencement of the action to the time of the trial. This question the General Term has determined adversely to the plaintiff, holding, on the authority of *Larned* v. *Hudson* (57 N. Y. 151), that such a cause of action should have been set out in the complaint and that it was not sufficient for their recovery that damages were included in the demand for judgment. Hence they held it was error to admit evidence of such damages and for the trial court to rule that they might be recovered, and, *pro tanto*, they modified the plaintiff's judgment.

In so holding I think the General Term have misapprehended the effect of the changed provisions of the Code of Civil Procedure. *Larned* v. *Hudson* did hold that a claim for damages for the withholding of the possession was distinct from a claim for rents and profits during the time; but the ruling in that case was expressly based upon the provision of the then existing Code, the 167th section of which permitted to be united in the same complaint several causes of actions arising in such a case out of "claims to recover real property, with or without damages for withholding thereof, and the rents and profits of the same." That language, it was held, recognized the fact that a claim for damages for withholding real estate, demandable and recoverable in an action for the

recovery of the land itself, does not include but is distinct from a claim for the rents and profits of it during the time the possession is wrongfully withheld. In enacting the present Code of Civil Procedure, section 167 was replaced by section 484, and the subdivision of the old section 167, referred to, was modified so as to leave out from it the words "and the rents and profits of the same." The omission of this part of the former subdivision, after the court in *Larned* v. *Hudson* had given to it such significance, when considered in connection with the enactment of present sections 1496 and 1497, must be taken to indicate the intention of the legislature to modify the rule as deduced from section 167. Those sections occur in the article entitled as "action to recover real property." Section 1496 provides that in such an action "the plaintiff may demand in his complaint and, in a proper case, recover damages for withholding the property." Section 1497 then reads: "Those damages include the rents and profits or the value of the use and occupation of the property when either can legally be recovered by the plaintiff."

These sections were new enactments and I cannot perceive any particular usefulness in the change, unless to obviate the effect of the construction placed upon section 167 of the old Code. I think the effect of these sections is to make all the recoverable damages incidental to the establishment of the plaintiff's title to the property. While formerly that damage for withholding the possession, which was regarded as an element of mere injury, was incidental to the recovery of the title and a claim for rents and profits, or for the value of the use and occupation, was a distinct and separate claim; under the present procedure, if the plaintiff recovers the judgment establishing his title, the incidental damages which he may then recover under his demand do include the rents and profits or the value of the use and occupation. These latter items of damage are to be computed from the commencement of the action brought to recover the property. I doubt that these sections of the present Code would authorize a recovery of rents and profits or of the value of the use, as a part of the

damages, for a time prior to the commencement of the action. That perhaps would be stretching their significance as a rule of recovery, but as a part of the damages for continuing to withhold the real property after the bringing of the action I think the plain reading of the sections warrants the recovery under the demand. The commencement of the action, with the demand in the complaint for damages for the withholding of the possession, was sufficient to apprise the defendant to prepare to meet the plaintiff's proofs as to all the damages which the withholding comprehended in fact. The evidence upon the trial, therefore, was competent; its admission was not error and the instruction of the trial judge was correct.

So much of the judgment of the General Term as modified the judgment entered upon the verdict of the jury should be reversed, and the judgment so entered should be affirmed, with costs to the plaintiff at the General Term and in this court.

All concur.

Judgment modified and, as modified, affirmed.