# 𝔆𝔞𝔰𝔢𝔰

# FIRST DEPARTMENT

AT

# GENERAL TERM,

𝔄𝔭𝔯𝔦𝔩, 1893.

JOSEPHINE F. CLASON, Respondent, *v.* ELIZABETH S. BALDWIN, Appellant.

*Ejectment — verdict for mesne profits greater than the amount claimed in the complaint.*

The fact that the court, on directing a verdict for the recovery of the premises, together with mesne profits, on the trial of an action of ejectment, places the amount of the mesne profits at a sum greater than that demanded in the complaint, is not a ground for reversal, where no objection on that score was made at the trial, and the judge's attention was not called to the fact.

APPEAL by the defendant, Elizabeth S. Baldwin, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 11th day of June, 1892, upon a verdict in favor of the plaintiff rendered by direction of the court at the New York Circuit, and from an order entered in said clerk's office on the 9th day of June, 1892, denying the defendant's motion for a new trial made upon the minutes of the court, in an action of ejectment.

*Isaac N. Miller,* for the appellant.

*George W. Stephens,* for the respondent.

O'BRIEN, J.:

At the close of the testimony, both sides moved for a direction, the defendant on the ground that plaintiff had failed to prove pos-

session in herself or her ancestors or predecessors, within twenty years next before the commencement of this action, and upon the further ground that defendant had shown that she held possession under a tax title, the validity and regularity of which had not been successfully impeached. The plaintiff asked for a direction in her favor, which was granted by the court, and a verdict for the recovery of the property, together with the mesne profits, was directed.

The contest between these parties, with respect to the title to this property, has been twice before the General Term and once to the Court of Appeals. (13 N. Y. Supp. 681; 129 N. Y. 183.) These decisions render unnecessary a statement of the facts or any extended discussion of the law.

It would seem that the only difference between this record and that presented for review in 129 N. Y. 183, is that the defendant resorted to the tax title as a defense.

We have examined the testimony relating thereto and the grounds upon which such title is assailed, and we agree with the view taken by the learned trial judge, that the plaintiff succeeded in destroying its force and effect as a defense.

Apart, however, from the question of title, it is insisted that it was error of law for the court to direct a judgment for $5,337, by way of damages for mesne profits.

It is suggested that, inasmuch as the complaint demanded but $5,000, that no greater amount could be awarded.

The answer to this, however, is, that no such objection was made upon the trial, nor was the court's attention directed to this difference between the amount demanded in the complaint and the amount awarded, and had it been, it would have been entirely within its power to have permitted an amendment to include such excess, the question of damages in such an action being incidental to the main relief, which was to recover possession of the property.

Another argument urged is that the court in directing a verdict in the language used in the address to the jury, said in substance that the plaintiff was entitled to recover mesne profits for six years before the commencement of the action. It is evident, however, from the context that this was a mere slip which in no way prejudiced the defendant. The motion made by plaintiff for a direction confined the recovery of such profits between the dates begin-

ning with the commencement of the action down to the date of the trial, and the computation was made as of such dates, and not for six years before the commencement of the action, as stated by the trial judge. This being a mere harmless slip, and the record showing that there was no dispute about the amount, and the court's attention not having been called to the difference between the amount awarded and the amount demanded, it cannot be assailed by the defendant as error upon this appeal. The defendant sought a credit for moneys paid for taxes for the years 1881 and 1882. The offer to prove such payment having been made was, we think, properly rejected.

These taxes were not imposed nor paid for any of the period for which damages were awarded. The defendant was not under the slightest obligation to pay them ; and we think besides that no sufficient ground was made to render the certificate competent evidence.

There being no other questions in the case requiring discussion, we are of opinion that the judgment appealed from should be affirmed, with costs.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Judgment affirmed, with costs.