JAMES A. DEERING, Respondent, *v.* WILLIAM J. REILLY et al., Appellants.

1. EJECTMENT — ACTION BY COTENANT — FAILURE TO PLEAD RIGHT OF COTENANTS. Section 1500 of the Code of Civil Procedure, providing for separate actions by joint tenants or tenants in common, does not require the owner of an undivided interest in lands to allege in his complaint in an action of ejectment that he and all of his cotenants might join together in maintaining the action, since the section does not prescribe the form of pleading in such an action, but provides what showing of title will entitle him or them to a judgment of possession; it does not require that they must unite in the action, and its purpose is fulfilled when proof is made that the tenant suing has a legal title, entitling him to possession, and that those having title to the other undivided interests are upon the face of the record entitled to maintain a similar action.

2. SEIZIN OR POSSESSION OF HIGHWAY — EFFECT OF CITY'S OCCUPATION. The seizin or possession of the owner of land in a highway over which a city has acquired an easement only is not lost by the city's occupation, because that is in subordination to the legal title, and on the abandonment of the road no question arises of re-entry or the loss of the right thereto by lapse of time.

3. BOUNDARIES — CONVEYANCE BOUNDED BY ROAD. A conveyance of lands described as "beginning on the northeasterly corner of Blackburry alley on the southeasterly side of Bloomingdale road," running along said alley a certain distance, thence by other descriptions back to the Bloomingdale road and thence along that road to the place of beginning, does not include any part of such road or alley in the conveyance.

4. SUFFICIENCY OF PLAINTIFF'S TITLE — RIGHT OF DEFENDANT TO RAISE QUESTION. A defendant in ejectment cannot raise the question that a deed to the plaintiff by the sole surviving executor of the former owner of the land was ineffectual as a conveyance on the ground that the power of sale had expired by operation of law and must, from the lapse of many years time, be presumed to have been extinguished, when there is no claim of adverse possession and no one interested in the estate of the testator raises the objection.

*Deering* v. *Riley*, 38 App. Div. 164, affirmed.

(Argued April 4, 1901; decided May 14, 1901.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 23, 1899, sustaining plaintiff's exceptions ordered to be heard in the first instance by the Appellate Division and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William P. Maloney* for appellants.   Upon the complaint in this action the plaintiff cannot recover, and his pleading does not set forth a proper cause of action in ejectment, which would entitle him to a judgment for the possession of the property, nor does the proof show him entitled to recover, but, on the contrary, being either a tenant in common or a joint tenant, he cannot possibly recover upon his pleading and upon the proofs. (*Hasbrouck* v. *Bunce*, 62 N. Y. 475; *Cook* v. *Wardens, etc., St. Paul's Church*, 5 Hun, 293; *Hubbell* v. *Lerch*, 58 N. Y. 237; *Gillet* v. *Stanley*, 1 Hill, 121; 3 Waite's Act. & Def. 43; *Greenleaf* v. *B., F. & C. I. R. R. Co.*, 132 N. Y. 408.) There is no evidence in the case showing any title whatever in the plaintiff. (*English* v. *Brennan*, 60 N. Y. 609.) The plaintiff cannot possibly recover, owing to the provisions of sections 365 and 367 of the Code of Civil Procedure. (*Matter of Lexington Avenue*, 29 Hun, 303; 92 N. Y. 629; *People* v. *Kerr*, 27 N. Y. 188; *Cross* v. *Morristown*, 18 N. J. Eq. 305; *State* v. *Morristown*, 33 N. J. L. 57; *Bartow* v. *Draper*, 5 Duer, 131; *Matter of City of Buffalo*, 131 N. Y. 293; *Graham* v. *Stern*, 51 App. Div. 406; *Upington* v. *Corrigan*, 151 N. Y. 143; Wash. on Real Prop. [5th ed.] 18.) If the effect of the proceedings taken by the city to acquire the title to this road was not to vest in the city a fee simple, it nevertheless vested in the city an estate upon condition subsequent, which necessitated a re-entry, and it cannot be exercised except by the original grantor or by all of his heirs, as there was nothing but a possibility of reverter which is not apportionable, devisable or assignable. (*Nicoll* v. *N. Y. & E. R. R. Co.*, 12 N. Y. 121; *People* v. *Kerr*, 27 N. Y. 188; *Towle* v. *Remsen*, 70 N. Y. 303; *Upington* v. *Corrigan*, 151 N. Y. 143; *Vail* v. *L. I. R. R. Co.*, 106 N. Y. 286.) Assuming that Molenor's deed conveyed the fee to the center of the road to Buckley, Schieffelin and Lawrence, then the deed offered in evidence by the plaintiff shows the title to this

property out of Buckley, Lawrence and Schieffelin into one Thomas Brass eighty years prior to the conveyance by George N. Lawrence, the executor of John B. Lawrence, and the plaintiff could not acquire any title by this executor's deed. (*Matter of Mayor, etc.*, 20 App. Div. 404; *Jackson* v. *Harrington*, 9 Cow. 86; *Schauber* v. *Jackson*, 2 Wend. 13; *Gillet* v. *Stanley*, 1 Hill, 121; *Bloom* v. *Burdick*, 1 Hill, 130; *Swart* v. *Service*, 21 Wend. 36.) Even if the fee to the soil of the road should have instantly passed to the plaintiff's grantor or predecessor upon the closing of the road in 1867, nevertheless the grantor by the original deed thereby impliedly warranted that so much of the highway as bordered upon the premises granted should perpetually exist as an open way, and during the existence of such an easement the persons entitled to such easement would have the right of possession, and the plaintiff could not maintain ejectment. (*Child* v. *Chappell*, 9 N. Y. 246; *Kurkel* v. *Haley*, 47 How. Pr. 76.) The deed from George N. Lawrence to the plaintiff does not convey anything to the plaintiff, as the executor had no power to convey under the terms of the will, and even if such power did exist, the right to exercise it had long since expired by operation of law, and such power was presumed to be extinguished before it was exercised. (Gerard on Tit. [4th ed.] 334; *Stafford* v. *Williams*, 12 Barb. 240; *Chamberlain* v. *Taylor*, 105 N. Y. 189; *Hertzel* v. *Barber*, 69 N. Y. 1; *Sharpsteen* v. *Tillou*, 3 Cow. 651; *Jackson* v. *Jansen*, 6 Johns. 73; *Moore* v. *Moore*, 41 N. J. L. 440; *Butler* v. *Johnson*, 41 Hun, 206; 111 N. Y. 204; *O'Conner* v. *Gifford*, 117 N. Y. 279; *Davies* v. *Fisher*, 5 Beav. 201; *Packham* v. *Gregory*, 4 Hare, 396.)

*Clarence L. Barber* for respondent. The failure of the plaintiff to join his cotenants as parties was not a ground for a dismissal of the complaint. (Code Civ. Pro. § 1500; *Clason* v. *Baldwin*, 152 N. Y. 209; *Robinson* v. *Sherwin*, 36 Vt. 69; *Chandler* v. *Spear*, 22 Vt. 388; *Johnson* v. *Tilden*, 5 Vt. 426; *Yancey* v. *Greeblee*, 90 N. C. 317; *Weese* v. *Barker*, 7

Col. 178; *Mahoney* v. *Winkle*, 21 Cal. 583; *Hart* v. *Robert-son*, 21 Cal. 348.) It was not necessary that the plaintiff should state in his complaint the nature and character of his one-third interest and how he came to have title. The dismissal of the complaint on this ground was, therefore, erroneous. (*Ensign* v. *Sherman*, 14 How. Pr. 439; *Halsey* v. *Gerdes*, 17 Abb. [N. C.] 395; *Sanders* v. *Leavy*, 16 How. Pr. 308; *Walter* v. *Lockwood*, 23 Barb. 228; *Austin* v. *Schluy-ter*, 7 Hun, 275; *Clark* v. *Crego*, 47 Barb. 599.) It was error to dismiss the complaint, because the plaintiff had not shown himself ever to have been in possession of the premises under the deeds in evidence. (*Arents* v. *L. I. R. R. Co.*, 156 N. Y. 1; *Stevens* v. *Hauser*, 39 N. Y. 302; *Broie-stedt* v. *S. S. R. R. Co.*, 55 N. Y. 220; *Jackson* v. *Walker*, 7 Cow. 637; *Lewis* v. *N. Y. & H. R. R. Co.*, 162 N. Y. 202; *Matter of Village of Olean* v. *Steyner*, 135 N. Y. 341.) It was error to dismiss the complaint, because the plaintiff's deeds introduced in evidence show that the title is not in the plaintiff or any one under whom he claims, but is in one Thomas Brass. (*Jackson* v. *Hathaway*, 15 Johns. 447; *White's Bank* v. *Nichols*, 64 N. Y. 65; *Thayer* v. *Finton*, 108 N. Y. 394; *Bartow* v. *Draper*, 5 Duer, 135; *English* v. *Brennan*, 60 N. Y. 609; *K. C. F. Ins. Co.* v. *Stevens*, 87 N. Y. 287; 101 N. Y. 411; *Tag* v. *Keteltas*, 92 N. Y. 625; *Dexter* v. *R. & O. Mills*, 39 N. Y. S. R. 933; 133 N. Y. 684; *Holloway* v. *Delano*, 139 N. Y. 390; *Matter of St. Nicholas Terrace*, 76 Hun, 209; 143 N. Y. 621.) The defendant's objection to the plaintiff's title, that the deed from William Molenor to Schieffelin, Buckley and Lawrence, dated April 8, 1806, did not convey to the latter the land in the road, is without substance. (*Mott* v. *Mott*, 68 N. Y. 246; *Matter of Ladue*, 118 N. Y. 213; *Jackson* v. *Hathaway*, 15 Johns. 454; *Jackson* v. *Harder*, 4 Johns. 202.) The defendants' objection that the plaintiff cannot recover, owing to the provisions of sections 365 and 367 of the Code of Procedure, is without substance. (*Vandervoort* v. *Smith*, 2 Cai. 154; *Owen* v. *Cawley*, 36 N.

Y. 600; *Whiting* v. *Edmunds*, 94 N. Y. 309; *Fearing* v. *Irwin*, 55 N. Y. 486; *Reese* v. *Boese*, 92 N. Y. 632; *Scott* v. *Morgan*, 94 N. Y. 508; *Albright* v. *Riker*, 11 Wkly. Dig. 27; *Schoepflin* v. *Coffey*, 162 N. Y. 12; *Snider* v. *Snider*, 160 N. Y. 151.) The objection that the deed from George N. Lawrence, executor of John B. Lawrence, to the plaintiff conveyed no interest to the plaintiff for the reason that his power as executor to sell had theretofore expired by operation of law is without merit. (*Clason* v. *Baldwin*, 152 N. Y. 209; *Myers* v. *Mut. L. Ins. Co.*, 99 N. Y. 7; *Stearns* v. *Allen*, 25 Hun, 558; *Hood* v. *Hallenbeck*, 7 Hun, 362; *Stilwell* v. *Carpenter*, 2 Abb. [N. C.] 261; *Stilwell* v. *Carpenter*, 62 N. Y. 639; *Marshall* v. *Bresler*, 1 How. [U. S.] 217; *Whitford* v. *Laidler*, 94 N. Y. 150; *Clifford* v. *Morrell*, 22 App. Div. 470; *Lindo* v. *Murray*, 91 Hun, 335.) By the proceedings to extend the Bloomingdale road in 1795 over Molenor's land the city of New York acquired an easement only. The fee remained in William Molenor, and upon the closing of the road his successors to the fee title were entitled to possession. (Hoffman's Est. N. Y. 382; Gerard on City Water Rights, Streets & Real Estate, 148; *Van Amringe* v. *Barnett*, 8 Bos. 357; *Matter of Park Comrs.*, 63 Barb. 282; *Fearing* v. *Irwin*, 4 Daly, 385; *Mott* v. *Mott*, 68 N. Y. 246; *Augustine* v. *Britt*, 80 N. Y. 647; 15 Hun, 395; *Mead* v. *Riley*, 18 J. & S. 20; *De Peyster* v. *Mali*, 27 Hun, 439; 92 N. Y. 263; *King* v. *Mayor, etc.*, 102 N. Y. 171; *Holloway* v. *Delano*, 139 N. Y. 390; *Matter of Mayor, etc.*, 20 App. Div. 404; 155 N. Y. 638.)

GRAY, J. This is an action in ejectment, wherein the plaintiff, alleging briefly in his complaint that he is lawfully entitled to, and seized of, one undivided third interest in a piece of land in the city of New York, particularly therein described, between Manhattan street on the north and 127th street on the south, and formerly forming the easterly half of the Bloomingdale road, of which the defendants are in possession, demands a judgment establishing his title and his right

to the possession of the same, with damages for the withholding thereof.    The defendants answered by a general denial and upon the trial, by motions at the opening and at the close of the plaintiff's case, asked that the complaint be dismissed upon various grounds.    The trial court granted the motion upon the plaintiff's case and ordered that his exceptions should be heard, in the first instance, at the Apppellate Division; where they were sustained and a new trial was directed.    The defendants have appealed to this court and they insist upon the inability of the plaintiff to recover, either upon his pleading, or upon his proofs.    The questions raised have been, with more or less elaborateness, considered and well determined in the opinion delivered at the Appellate Division by Mr. Justice O'BRIEN and the utmost which may be demanded of us, in any further expression of opinion, is to review briefly the more important of the questions.

In the first place, it is urged that it was ground for a dismissal of the complaint that the plaintiff had not joined his cotenants as parties to the action and that his pleading does not set forth a proper cause of action in ejectment.    On this head of their contention, they reason from a construction of section 1500 of the Code of Civil Procedure, which is as follows: " Where two or more persons are entitled to the possession of real property, as joint tenants or tenants in common, one or more of them may maintain such an action, to recover his or their undivided shares in the property, in any case where such an action might be maintained by all." They say that under its provisions the plaintiff was required to allege, and to prove, that this was a case in which he and all of his cotenants might join together in maintaining the action; that this the complaint did not allege sufficiently within its requirements and that the proofs not only fell short of making out a case for relief under the Code provision, but they show, affirmatively, that the plaintiff and his predecessors in the title had only a paper title and never the possession.    However appropriate the question, whether upon the proofs a *prima facie* case was made

out for the relief asked, the appropriateness of the question upon the plaintiff's pleading is not evident. It conformed sufficiently to the Code requirements that the complaint shall contain a plain and concise statement of the facts constituting the cause of action, the judgment to which the plaintiff supposes himself entitled and the other data for the framework of the complaint. (Code Civ. Pro., sec. 481.) Section 1500 of the Code, which creates what difficulty there may be in this case, declares the substantive law upon the subject of a person's right to recover the possession of an undivided share in real property, to which he is lawfully entitled. It does not purport to prescribe the form of the pleading in such an action, but to provide in what case one or more tenants holding jointly, or in common, may maintain the action ; that is, what showing of title will entitle him, or them, to a judgment of possession. The historical discussion of this section in the opinion below clearly justifies the conclusion stated, that it was intended in its enactment to serve the purpose of reconciling an apparent conflict in the earlier decisions and that it was not designed, and it should not be construed, to impose upon the plaintiff in ejectment a burden in the enforcement of his right which did not rest upon him previously. (See reviser's note to sec. 1500, enacted after *Hasbrouck* v. *Bunce*, 62 N. Y. 475.) It does not require that joint tenants, or tenants in common, must unite in the action and its purpose is fulfilled when proof is made that the tenant suing has a legal title, entitling him to the possession, and that those having title to the other undivided interests are, upon the face of the record, entitled to maintain a similar action. This seems to be especially true when those proceeded against, in the effort to recover the possession of lands, set up no adverse title and are, or appear from the record to be, intruders, or trespassers, upon the title. The rule, that a plaintiff in ejectment must recover upon the strength of his own title and not on the weakness of his adversary's, has its proper application where title is asserted against title ; but not to a case where the defendants, making no claim of title, object that the plaintiff has not proved a perfect

title against those who might claim adversely. The plaintiff is not bound to anticipate all that might be urged by others holding by adverse claim of title. If upon his proofs it appears, *prima facie*, that he has title to an undivided interest in premises, possession of which is withheld by the defendants, his right to maintain the action is sufficiently established upon the case.

The plaintiff's proofs showed that, originally, the land was a part of a tract, or farm, owned by William Molenor. While in his ownership Bloomingdale road, as a result of proceedings taken by the common council of the city of New York, was continued and extended through his land. He conveyed a large part of his property to Jacob Schieffelin, Thomas Buckley and John B. Lawrence and they, by this and through other *mesne* conveyances, became possessed of Molenor's lands on both sides of Bloomingdale road, by descriptions which would include what title the grantors had in the soil of Bloomingdale road. In 1867 Bloomingdale road was closed, by virtue of the provisions of chapter 697 of the laws of that year. In 1889, George N. Lawrence, as the sole surviving executor of John B. Lawrence, conveyed, by virtue of a power of sale in his testator's will, all of the testator's estate in the land within the Bloomingdale road, thus closed and abandoned as a highway at this point, to the plaintiff; whose present action concerns the easterly half of it, to one undivided third part of which the conveyance thus gave him title. It was stipulated upon the trial that the city, by its proceedings for extending Bloomingdale road, " obtained only a right of way over the land taken" and it was, therefore, quite competent for Molenor to convey, as he did, the fee in the soil of the road to Schieffelin and others. Even without this stipulation in the case, I do not think that the proceedings to continue and extend Bloomingdale road over Molenor's lands could be said to have had any other effect than to create an easement over them for use by the public as a highway. The city acquired an easement only and not the fee, which it would acquire in the case of lands taken for the purpose of a

street, or of an avenue. (*Van Amringe* v. *Barnett,* 8 Bos. 357, 372; *People* v. *Kerr,* 27 N. Y. 188, 196; *Matter of Lexington Avenue,* 29 Hun, 303; affirmed, 92 N. Y. 629.) Bloomingdale road was laid out and maintained as a public road or highway and the legislation with respect to such was different from that under which the city laid out and regulated streets. (*Van Amringe* v. *Barnett, supra.*) Upon the closing and abandonment of the road in 1867, the right to the enjoyment and use of the land was in those who had succeeded to Molenor's title by his grant. Subject to the public right of way acquired by the city, the title and the possession were always in the original owner and in his successors in interest, Schieffelin, Buckley and Lawrence; from the latter of whom the plaintiff derived his one-third interest. The objection of the defendants that the plaintiff had not shown himself ever to have been in possession of the premises within twenty years before the commencement of the action, in 1891, is, therefore, untenable; for not only was there the presumption that the plaintiff, having the legal title, was in possession, but the fact was that the holders of the legal title had always been in possession. The objection rests on the provision of section 365 of the Code of Civil Procedure, which inhibits such a possessory action unless the plaintiff, or his predecessors in title, were "seized or possessed of the premises in question within twenty years before the commencement of the action." But seizin, or the possession, was not lost by the city's occupation, for that was in subordination to the legal title; the city's possession for use as a public highway being the possession of Molenor and his successors in the title. Then, it is to be observed, that there is no question of an adverse possession during the twenty years intervening between the abandonment of the Bloomingdale road and the conveyance to the plaintiff. (See Code Civil Procedure, sections 365, 368; *Stevens* v. *Hauser,* 39 N. Y. 302; *Arents* v. *Long Island R. R. Co.,* 156 ib. 1.)

Nor does any question arise in this case, as is argued by the

appellants, of re-entry and the loss of the right to the same by the lapse of time. Had Molenor conveyed the land to the city for, or upon condition that it should be used as, a highway; or had the city taken the land by eminent domain, a different question might be presented as to the title when the use of the land as a highway had ceased. A question of reverter, as for breach of a condition subsequent, such as was discussed in the cases of *Vail* v. *Long Island Railroad Company*, (106 N. Y. 283), and of *Upington* v. *Corrigan*, (151 ib. 143), might have been raised.

Another ground for the dismissal of the complaint was that the deeds showed the title to be in Thomas Brass. In 1809, Schieffelin, Buckley and Lawrence conveyed lands to Brass, on the easterly side of the Bloomingdale road, by this description : " Beginning on the north-easterly corner of Blackburry Alley, on the south-easterly side of the Bloomingdale Road, and running along said Blackburry Alley one hundred and twelve feet; thence along the line of lot No. ninety-four one hundred feet to Manhattan street ; thence along said Manhattan street one hundred and three feet to the corner of Bloomingdale Road and said Manhattan street; thence along the Bloomingdale Road one hundred feet to the place of beginning." Blackburry alley was laid out subsequently to the opening of the Bloomingdale road and runs easterly therefrom. The starting point in this description being " the north-easterly corner of Blackburry Alley on the south-easterly side of Bloomingdale Road," no part of the Bloomingdale Road, or of the alley, was included in the conveyance. The northeasterly corner of Blackburry alley must, of necessity, be deemed to be where its northerly line intersects the easterly line of the Bloomingdale road. Then, again, the third course given along Manhattan street, " one hundred and three feet to the corner of Bloomingdale Road and said Manhattan street," shows that the land in Bloomingdale road was excluded. (See *Holloway* v. *Southmayd*, 139 N. Y. 390, 412 ; *Kings County Fire Ins. Co.* v. *Stevens*, 87 ib. 287 ; *English* v. *Brennan*, 60 ib. 609.)

25

A further objection is pressed upon our attention, which was not raised upon the trial, as ground for a dismissal of the complaint. It is that George N. Lawrence's deed, as sole surviving executor of John B. Lawrence, to the plaintiff of all the testator's estate, etc., was ineffectual as a conveyance; inasmuch as the power of sale had expired by operation of law and must from the lapse of so many years be presumed to have been extinguished. The power to sell was general and to be exercised in the discretion of the executors and their survivors, as might be thought most for the interest of the testator's estate. Whether the question can be properly raised upon appeal is doubtful; for the reason that it was one which, if raised at the trial, might, possibly, have been met by proof that an actual necessity existed for the exercise of the power at the time by the surviving executor. But, in my opinion, it seems to be a sufficient answer that no one interested in the estate of the testator makes that objection and there being no claim of adverse possession, it does not lie in the mouths of the defendants to raise the question.

For these reasons, as for those assigned in the opinion below, the order appealed from should be affirmed, and judgment absolute should be entered for the plaintiff, upon the defendants' stipulation; with costs in all the courts.

PARKER, Ch. J., O'BRIEN, HAIGHT, LANDON, CULLEN and WERNER, JJ., concur.

Ordered accordingly.