## BEYERS v. GRANDE.

(Supreme Court, Special Term, New York County. March 17, 1908.)

WILLS—ACTIONS BY DEVISEES—PARTIES.

Under Code Civ. Proc. § 1500, providing that where two or more persons are entitled to the possession of real property as joint tenants or tenants in common one of them may maintain an action to recover his undivided share where such action might be maintained by all, and section 1502, providing that in actions to recover possession of real property

the occupant must be made defendant, and section 1503, that any other person claiming title or right to possession may be joined, one of several devisees may maintain an action against one in possession of common property without joining the other parties in interest or the executors of the deceased owner.

Action by Ada C. Beyers against Anna Grande. On demurrer to complaint. Demurrer overruled.

Samuel Fruchthandler, for demurrer.

Saul Bernstein, opposed.

GIEGERICH, J. The action is brought by the plaintiff as owner of an undivided one-fourth interest in certain premises, to recover the possession of and damages for withholding the same. The defendant has demurred to the complaint upon the ground that there is a defect of parties defendant, and for insufficiency, which last-mentioned ground, however, was waived on the argument by the defendant. The complaint, among other things, alleges that the parties litigant are children of one Victor Klingenbech, deceased, who died "seised in fee of, and in the possession of, or entitled to the possession" of the premises in suit, and that in addition to such children he left him surviving a widow, another daughter and a son, "his only other heirs at law." The complaint further alleges that the said Victor Klingenbech left a last will and testament whereby he devised such premises, together with other property, to his said heirs at law, subject to the right of dower of his widow, "as though and with the same effect as if he died intestate, and without leaving a last will and testament," and that such will has been duly admitted to probate. It is further averred in the complaint "that the defendant has been in possession of the said premises since the day of the death of the said Victor Klingenbech, and has ever since remained in the possession of the said premises, and now is in the said possession and of the entire fee thereof, and unjustly withholds an undivided one-fourth part of, in, and to the same from this plaintiff. It is urged in support of the demurrer that the presence as parties defendant of the widow and other children of the decedent not parties to the action, as well as the executors of his last will and testament, is indispensable to the complete determination or settlement of the questions involved in this action, and that they should have been made parties defendant. Numerous cases have been cited in support of such proposition, but, upon examination, I find that none of them has any application. On the contrary, further research convinces me that the rule is the other way. Section 1500 of the Code of Civil Procedure provides:

"Where two or more persons are entitled to the possession of real property as joint tenants or tenants in common, one or more of them may maintain such an action to recover his or their undivided shares in the property in any case where such an action might be maintained by all."

It is provided by section 1502 that, in actions to recover the possession of real property, the occupant must be made defendant, and by section 1503 that any other person claiming title to or the right of possession of the real property sought to be recovered as landlord,

remainderman, reversioner, or otherwise, adversely to the plaintiff, may be joined as defendant. The court in Bradt v. Church, 110 N. Y. 537, 18 N. E. 357, construing the two last-mentioned sections, held that in actions to recover the possession of real property the occupant only is required to be made defendant, the only effect of not joining as defendants other parties being to leave the questions raised in the action open to controversy in case such other parties subsequently assert title or adverse rights. The historical features of section 1500 were discussed in a learned and interesting opinion by Mr. Justice O'Brien, who spoke for the court in Deering v. Riley, 38 App. Div. 164, 56 N. Y. Supp. 704, where it was held that such section did not mean that joint tenants or tenants in common must unite in an action of ejectment. The Court of Appeals, in reaching the same conclusion (167 N. Y. 184, 60 N. E. 447), among other things, said (page 190 of 167 N. Y., page 448 of 60 N. E.):

"Section 1500 of the Code, which creates what difficulty there may be in this case, declares the substantive law upon the subject of a person's right to recover the possession of an undivided share in real property to which he is lawfully entitled. It does not purport to prescribe the form of the pleading in such an action, but to provide in what case one or more tenants holding jointly or in common may maintain the action; that is, what showing of title will entitle him or them to a judgment of possession. The historical discussion of this section in the opinion below clearly justifies the conclusion stated, that it was intended in its enactment to serve the purpose of reconciling an apparent conflict in the earlier decisions, and that it was not designed and it should not be construed to impose upon the plaintiff in ejectment a burden in the enforcement of his right which did not rest upon him previously (see reviser's note to section 1500, enacted after Hasbrouck v. Bunce, 62 N. Y. 475). It does not require that joint tenants or tenants in common must unite in the action, and its purpose is fulfilled when proof is made that the tenant. suing has a legal title entitling him to the possession, and that those having title to the other undivided interests are, upon the face of the record, entitled to maintain a similar action."

From these authorities it will be seen that in an action to recover real property it is not necessary to make all persons having or claiming rights therein parties defendant, but that the only person who must be made a defendant therein is the occupant thereof. As it appears from the complaint that the defendant is in sole possession of the entire premises, the action was properly brought against him alone, without joining either of the other heirs at law of the said Victor Klingenbech, deceased, or the executors of his last will and testament. The plaintiff, however, can recover only his share of such rents and profits, and since his rights and interests in the property are all that can be considered in this action, there will be left open to future determination the rights of his co-tenants in common and of such others as may subsequently assert title or adverse rights. Bradt v. Church, supra; Clason v. Baldwin, 129 N. Y. 183, 29 N. E. 226; Id., 152 N. Y. 204, 46 N. E. 322; Hennessey v. Paulsen, 147 N. Y. 255, 41 N. E. 516; Deering v. Reilly, supra. As was said in the case last cited (167 N. Y. 191, 60 N. E. 448):

"If upon his proofs it appears prima facie that he has title to an undivided interest in premises, possession of which is withheld by the defendants, his right to maintain the action is sufficiently established upon the case."

109 N.Y.S.—29

The defendant's counsel is in error in the statement contained in his brief that the plaintiff seeks a cancellation and discharge of two certain mortgages aggregating $19,000. The complaint does not demand any such relief, and the allegations with respect to such mortgages were apparently inserted in order to apprise the defendant of all matters connected with the title, but they are not essential to the maintenance of the action. My conclusion is that the demurrer should be overruled, with costs, and with leave to the defendant to answer within 20 days upon payment of such costs.