JAMES McPHILLIPS, Respondent, *v.* NEW YORK TELEPHONE COMPANY, Appellant.

Third Department, February 28, 1921.

**Real property — action to recover real property and remove telephone poles — title derived from State — effect of failure of State to give patent — effect of Federal control of defendant's property on right to maintain action — criticism of trial justice by attorney on appeal disapproved.**

In an action to recover real property and to remove telephone poles and wires constructed thereon it appeared that the plaintiff's predecessor in title purchased the land in question from the State, paying a part of the purchase price and giving a bond for the remainder; that the balance due was not paid and the State exposed the land for sale but withdrew it and took a deed; and that later the State commenced an action to recover possession, which resulted in a judgment in favor of the defendants therein on the payment to the State of the amount still remaining due, but a patent was not issued as required by section 35 of the Public Lands Law.

*Held,* that at the time of the commencement of this action the plaintiff had a good title to the land in question.

The defendant does not claim title to the land and it cannot raise the question that the plaintiff has not received a patent therefor.

The fact that the Federal government was in control of the defendant's property temporarily at the time of the commencement of this action under a joint resolution of Congress and a proclamation of the President, is not a good defense.

The act of the attorney for the defendant in criticizing the trial justice in his argument on appeal is disapproved.

APPEAL by the defendant, New York Telephone Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Warren on the 12th day of January, 1920, upon the decision of the court rendered after a trial at the Warren Trial Term, certain questions of fact having been submitted to a jury, and also from an order entered in said clerk's office on or about the same day, denying defendant's motion for a new trial made upon the minutes.

*John A. Delehanty,* for the appellant.

*C. E. Fitzgerald* [*John H. Barker* of counsel], for the respondent.

VAN KIRK, J.:

The action is to recover real property and to remove defendant's line of telephone poles and wires constructed and existing across lot 139 of the Luzerne Tract in Warren county. The jury and the court have found, on evidence sufficient to sustain the findings, that twelve of defendant's poles are upon plaintiff's land, without consent or acquired right; that trees and brush were cut when the line was constructed, and that damages in the amount found were suffered. The judgment conforms to the findings and directs the removal of the poles, wires and attachments.

The appellant strongly urges that the plaintiff has not proved his title. Under the provisions of the statutes which subsequently became a part of the Public Lands Law (See Laws of 1836, chap. 457; Gen. Laws, chap. 11 [Laws of 1894, chap. 317], § 30 *et seq.*) in January, 1863, this lot 139 was sold by the State to Benjamin Latham who paid twenty-five per cent of the purchase price and executed and delivered his bond to the People of the State of New York for the balance thereof, in form as required by the statute. By mesne conveyances all of his rights in this lot have gone to the plaintiff. Benjamin Latham

died in 1873, never having complied with the conditions of his bond. Thereafter, in 1899, the State exposed this lot for public sale, but withdrew it. This rendered the sale void. (*People* v. *Inman*, 197 N. Y. 200, 205.) But the State took a deed. An action was then brought by the State against Simon Lavine, Joseph Lavine, Lena Lavine, the Hudson Valley Railroad Company, a corporation, and James Mc-Phillips, this plaintiff (then successors of Benjamin Latham in his right and title). The court found: " That the plaintiff is entitled to a judgment for the immediate possession of said lot, unless, on or before the 1st March, 1918, the defendants pay to the Attorney-General,. for the People, the full amount due on said bond [the Latham bond] with interest, taxes and costs of advertising; and I hereby direct judgment accordingly." An interlocutory judgment accordingly was entered. On February 8, 1918, this plaintiff paid to the State the full amount due as so found, and thereupon final judgment was entered that the defendants are, according to their respective rights, the owners in fee and entitled to retain the possession of said lot 139, Luzerne Tract, free and discharged of and from all claims of the State thereon by reason of said bond of said Benjamin Latham. In the meantime the defendants Lavine had conveyed all their interests to this plaintiff. The plaintiff then, at the time this action was begun, had a good and sufficient title. In the Public Lands Law it was provided that, upon payment of the bond, a patent should be issued by the State to the purchaser. (Consol. Laws, chap. 46 [Laws of 1909, chap. 50], § 35.) Though the State has not patented the lands to this plaintiff, after payment of the bond, the court has decided that, as against the State, the plaintiff is the owner. Neither the State nor any one representing it raises the question. This defendant claims no title and cannot be heard to question the title which the court has held good. No one but the State can take advantage of an omission on the part of the patentee or the State to comply with a condition of the sale or grant. (*Deering* v. *Reilly*, 167 N. Y. 184, 194; *Williams* v. *Sheldon*, 10 Wend. 654, 658.)

The appellant further urges that the action cannot be maintained because the Federal government was in possession when the action was commenced. Under a joint resolution of

Third Department, February, 1921.        [Vol. 195.

Congress and a proclamation of the President of the United States (40 U. S. Stat. at Large, 904, chap. 154; Id. 1807), the Federal government, as a war measure, took possession of this telephone line and was operating it at the time the action was begun. This plaintiff cannot maintain an action against the Federal government, and it was not made a party defendant. The action, however, is brought to recover real property as against an adverse claimant. The Federal government was not and could not be bound by the judgment; but it claimed no title to or interest in the property; its possession was but temporary; and its use of the line did not deprive the plaintiff of his right to prosecute the action against the defendant, although the judgment could not be executed while the Federal government was still exercising the control of operation of the line. The Federal government made no objection that it was not a party, and, since the judgment was entered, it has relinquished its use of the line and restored it to this defendant. To whomsoever the line belonged, the government, in its sovereign power in war emergency, would have taken the use of the line during the emergency. By such taking the defendant was not prejudiced in its defense, and the plaintiff should not be prejudiced in asserting and having determined his property rights, subject to the use of the government. We do not consider the extraordinary, temporary, use by the government a sufficient reason why the plaintiff should be deprived of his adjudicated rights and required to relitigate them against the same defendant.

On the argument the attorney for the appellant severely criticised the trial justice, and we must express our disapproval. The comments of the attorney were entirely uncalled for and unjustified by the record. At the end of the evidence the court stated, after some discussion with counsel: " I think I will take the verdict of the jury and let them determine how many poles, if any, were upon the lands of the plaintiff, or the lands which the plaintiff now claims. I will pass on the other questions which have come up, because those relate to the injunction or the requirement that you move the poles. Of course, that is not a question for a jury." Later he stated that he would also submit to the jury the question of damages. No objection was taken to this proposed procedure

by the court. It was, therefore, plainly understood by the attorney that, as to all questions other than those which were to be submitted to the jury, the court would decide; and, when the court gave the attorneys opportunity to present requests to find, it was entirely in harmony with the understanding of the attorneys, and, since there was the question of the removal of the poles, an entirely proper practice, without the consent of the attorneys.

The judgment should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.